## CROW v. CROW.

No. 2955.    Opinion Filed January 13, 1914.

Rehearing Denied March 10, 1914.

(139 Pac. 122.)

1.  **TRIAL—Demurrer to Evidence—Effect as Admission.** A demurrer to the evidence admits all facts proven, admits the existence of the facts which there is evidence tending to prove, and all the reasonable inferences which may be drawn from the evidence. The question on demurrer is: Does the evidence, considering only that which is favorable to the demurree and yielding to him the full benefit of the reasonable inferences which it supplies and furnishes, entitle him to recover?

2.  **DIVORCE—Action to Set Aside—Evidence—Sufficiency Against Demurrer.** Evidence examined, and held sufficient to resist a demurrer.

(Syllabus by the Court.)

*Error from District Court, Atoka County;*
*J. G. Ralls, Special Judge.*

Action by Alvina Crow against William H. Crow to set aside a decree of divorce. A demurrer to plaintiff's evidence was sustained, and she brings error. Reversed and remanded.

*D. H. Linebaugh* and *A. S. McKennon,* for plaintiff in error.

*J. M. Humphreys,* for defendant in error.

KANE, J.   This was a suit commenced by the plaintiff in error, plaintiff below, against defendant in error, defendant below, to set aside a decree of divorce secured in an action between the same parties, who were husband and wife, wherein the defendant in error herein was plaintiff, and the plaintiff in error herein was defendant, upon the ground that said decree was procured by fraudulent means.   After the evidence of the plaintiff in the instant case was all in, the defendant interposed a demurrer thereto, which was sustained, and it is to review this action of the court below that this proceeding in error was commenced.

The specific acts of fraud charged against the defendant are in effect that, whilst he was a resident of McAlester where the parties were well known, and where the commencement of a divorce proceeding would have been communicated to the plaintiff, he commenced his suit, praying for a divorce from said plaintiff in the United States Court for the Central District of the Indian Territory, in the Atoka division thereof at Atoka, where the parties were unknown, in order that he might procure a divorce, well knowing that no grounds existed therefor in his favor, upon service by publication upon said plaintiff, and to prosecute said divorce case to final decree without said plaintiff having actual notice of the pendency of said divorce proceeding, thus depriving her of an opportunity to show that no grounds for the dissolution of the marital relation between said parties existed in favor of said defendant.   The Atoka suit for divorce was filed on the 25th day of July, 1907, and the decree therein was rendered on the 21st day of October, 1907.   There was some evidence tending to establish the foregoing statement of facts, and there was also evidence to the effect:   That during the pendency of the Atoka case, of which the defendant had no actual notice, the plaintiff herein filed a suit for divorce in a court of competent jurisdiction at Omaha, Neb., wherein she secured personal service upon the defendant.   That in the defendant's verified answer and cross-petition wherein he prayed for

a divorce from said plaintiff, he stated that: "This defendant is a *bona fide* resident of Douglas county, Neb., and has been for more than two years last past." That three days after securing his decree at Atoka he appeared and defended the divorce suit in. Omaha. Concerning the Nebraska case the plaintiff herein testified as follows:

"Q. During the progress of that divorce case, and while he was testifying, or at any other time, did you receive from him, or any other person, in any manner whatsoever, any information or notice about the pendency of the divorce case in the United States Court at Atoka, I. T., or about the rendition of a decree of divorce in the United States Court at Atoka, I. T.? A. No, sir. I heard him testify some time between October 23 and 26, 1907. Q. In his testimony, did he, at any time, give any information to the court about the institution of a suit at Atoka, I. T., or the rendition of a decree of divorce on the 21st of October? A. No, sir."

The decision of the court in the Nebraska case was "that the petition of the plaintiff and the cross-petition of the defendant herein be, and they are hereby, dismissed for want of equity."

There was considerable evidence to the same effect, all tending to show bad faith on the part of the defendant herein and disposition to deceive, not only the plaintiff herein, but the courts in which the various divorce proceedings were pending. We think this evidence was sufficient for the purpose of resisting a demurrer thereto. The rule is that a demurrer to the evidence admits all facts proven, admits the existence of the facts which there is evidence tending to prove, and all the reasonable inferences which may be drawn from the evidence. The question on demurrer is: Does the evidence, considering only that which is favorable to the demurree and yielding to him the full benefit of the reasonable inference which it supplies and furnishes, entitle him to recover? *Jaffray et al. v. Wolf et al.,* 4 Okla. 311, 47 Pac. 496; *Edmisson v. Drumm-Flato Commission Co.,* 13 Okla. 440, 73 Pac. 958; *Conklin v. Yates et al.,* 16 Okla. 266, 83 Pac. 910; *Ziska v. Ziska et al.,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1; *Shawnee Light & Power Co. v. Sears,* 21 Okla. 13, 95 Pac. 449.

In a later case it was held that, where the evidence is conflicting and the court is asked or on its own motion considers the direction of a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration, and totally disregarded, leaving solely the evidence for consideration which is favorable to the party against whom such action is leveled. *Cooper v. Flesner et al.,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29.

We think, therefore, that the demurrer to the evidence ought to be overruled, and that the court should proceed with a trial of the cause, wherein defendant may introduce evidence; and, if he offers none, the weight and sufficiency of that introduced by the plaintiff must be weighed by the court, and a judgment rendered thereon which involves the determination of a question of fact.

All the Justices concur.