## HART-PARR CO. v. DUNCAN.

No. 7825—Opinion Filed Oct. 17, 1916.

Rehearing Denied Oct. 14, 1919.

(184 Pac. 108.)

1. **Attachment — Motion to Discharge — Hearing—Procedure.**

While the statutory proceeding upon a motion to discharge an attachment is entirely interlocutory, not affecting the merits of the original action, and a "trial" in a strict legal sense is not contemplated, yet when the grounds of attachment are controverted by motion to discharge, a hearing upon the affidavits or other evidence adduced is required, and a determination of the questions of fact and law must necessarily be had. Upon such hearing the rules of law ordinarily governing the trial of such question ought properly to be applied by the court or judge to whom the motion is presented.

2. **Motion to Discharge Attachment—Demurrer to Evidence.**

Record examined, and held error to sustain a demurrer to the evidence offered to sustain the ground of attachment set forth in the affidavit.

(Syllabus by Bleakmore, C.)

Error from District Court, Tillman County; T. P. Clay, Assigned Judge.

Action by the Hart-Parr Company against

Joseph T. Duncan. From an order discharging an attachment, plaintiff brings error. Reversed and remanded for hearing on the motion to discharge attachment.

Mounts & Davis, Fred R. Ellis, Chester I. Long, and Austin M. Cowan, for plaintiff in error.

Wilson & Roe, for defendant in error.

Opinion by BLEAKMORE, C. This is an appeal from an order of the district court of Tillman county discharging an attachment.

On July 15, 1915, the plaintiff commenced action against defendant to recover on certain promissory notes evidencing the purchase price of machinery sold by it to defendant. Upon the filing of proper affidavit and bond, an order of attachment was issued and levied upon the property of defendant; the ground of attachment being that—

"The defendant fraudulently contracted the debt, or fraudulently incurred the liability or obligation for which the suit is brought."

On October 2, 1915, defendant moved the discharge of the attachment; the motion being accompanied by his affidavit stating:

"That the alleged grounds for attachment contained in plaintiff's affidavit herein are wholly untrue, and this affiant specifically denies that he fraudulently contracted the debt sued on by plaintiff herein, and further specifically denies that he fraudulently incurred the liability or obligation for which this suit is brought. And this affiant further says that said obligation was incurred by him entirely in good faith and without fraud of any kind on his part; and further affiant saith not."

Upon hearing of said motion the court sustained a demurrer to the evidence of plaintiff and ordered the attachment discharged.

The sole question for consideration is whether the trial court erred in sustaining such demurrer.

The evidence offered by plaintiff, consisting of affidavits, documents and oral testimony, disclosed that defendant gave his order to the plaintiff for certain machinery, accompanying and as a part of which was a financial or property statement signed by him setting forth that he was the owner of, and had good title duly registered to, 320 acres of land in Tillman county, Okla., of the value of $13,000, incumbered to the extent of $4,600; that the plaintiff, believing such statement to be true and relying thereon, accepted such order and sold to him the machinery; that in fact he was not the record owner of but 80 acres of land in said county.

While the statutory proceeding upon a motion to discharge an attachment is entirely interlocutory, not affecting the merits of the original action, and a "trial" in a strict legal sense is not contemplated, yet, when the grounds of attachment are controverted by motion to discharge, a hearing upon the affidavits or other evidence adduced is required, and a determination of the questions of fact and law must necessarily be had. Upon such hearing the rules of law ordinarily governing the trial of such questions ought properly to be applied by the court or judge to whom the motion is presented.

"A demurrer to the evidence admits all facts proven, admits the existence of the facts which there is evidence tending to prove, and all the reasonable inferences which may be drawn from the evidence. The question on demurrer is: Does the evidence, considering only that which is favorable to the demurree and yielding to him the full benefit of the reasonable inference which it supplies and furnishes, entitle him to recovre?" Crow v. Crow, 40 Okla. 455, 139 Pac. 122.

The statement made by defendant was obviously for the information of the plaintiff and to be acted upon by it in the particular transaction involved. The plaintiff was authorized to rely upon it independently of any search of the county records to ascertain and establish its truthfulness. That it did so rely in extending credit to the defendant, and that the statement was materially false is undisputed.

The evidence adduced, uncontradicted, together with the reasonable inferences which it supplies, in our opinion, strongly tends to establish the ground of attachment set forth in the affidavit. It should have been considered and weighed by the court, and order made thereon determining the question of fact involved. The demurrer was therefore erroneously sustained.

The order discharging the attachment should be set aside, and the cause remanded for hearing on the motion to discharge.

By the Court: It is so ordered.