## SMITH v. STRICKER RADIO & MUSIC SHOPPE, Inc.

No. 17294—Opinion Filed Oct. 5, 1926.
Rehearing Denied Jan. 18, 1927.

**1. Attachment—Existence of Grounds — Burden of Proof.**

The general rule is that, where the existence of grounds of attachment is properly denied by the defendant, it throws upon the plaintiff the burden of showing the existence of such grounds by a preponderance of the evidence; that where he fails to sustain such burden of proof, the attachment should be dissolved.

**2. Same—Proof Confined to Facts Existing at Time Writ Issued.**

As the validity of an attachment must be determined by the facts existing at the date when it issues, proof of matters transpiring since the attachment was issued cannot be considered.

**3. Fraud—Proof — Presumption Against Fraud.**

Fraud is never presumed, but must be proved by clear and satisfactory evidence, and when a transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Court of Common Pleas. Tulsa County; Font L. Allen, Judge.

Action by Margaret Smith, as sole trader doing business under the trade name of Stewart-Warner Products Service Station, against Stricker Radio & Music Shoppe, a corporation. From a judgment of the court dissolving and discharging an attachment. plaintiff brings error. Affirmed.

Linn & Spradling, for plaintiff in error.

J. P. Evers and H. A. Grove. for defendant in error.

Opinion by PINKHAM, C. The plaintiff in error, as plaintiff, instituted this action against the defendant in error in the court of common pleas of Tulsa county on the 8th day of February, 1926, to recover the sum of $2,434.70 on account of certain goods sold and delivered to the defendant. The parties will be referred to as they appeared in the trial court.

The plaintiff sued on an attachment which was levied upon certain personal property belonging to the defendant. which had been theretofore sold and delivered to it by the plaintiff. Thereafter the defendant filed its motion to discharge the attachment upon the following grounds: First, that the attachment affidavit is insufficient on its face to sustain the order of attachment; and second, that the allegations contained in the plaintiff's affidavit and set forth therein are untrue.

This motion to discharge the attachment was filed on the 24th day of February. 1926, and was not verified at the time, but on March 1, 1926, W. H. Stricker, president of the defendant corporation, filed his affidavit as such president denying the truthfulness of plaintiff's affidavit for attachment. A hearing was had on the 9th day of March, 1926, on the motion to discharge the attachment, at which time the court sustained a demurrer to plaintiff's evidence introduced in support of the grounds of attachment and dissolved and discharged said attachment. To such order and judgment of the court the plaintiff excepted, and prosecutes her appeal by petition in error and case-made attached for review.

For reversal of the judgment counsel for plaintiff present all of their assignments of error under the proposition that the court committed error in sustaining the demurrer of defendant to the evidence introduced on behalf of plaintiff in support of the attachment in said action, and in not overruling defendant's demurrer thereto.

Where the existence of grounds of attachment is properly denied by the defendant. the general rule is that the burden of showing the existence of such grounds is upon the plaintiff, and where the plaintiff fails to sustain such burden of proof by preponderance of the evidence, the attachment should be dissolved. Mott v. Zimmerman, 100 Okla. 299, 229 Pac. 227.

Plaintiff's evidence was directed mainly to the establishment of the second ground stated in her attachment affidavit. to wit, that it has property or rights in action which it conceals.

It is contended that the evidence on behalf of the plaintiff on the motion to discharge the attachment. shows that the bookkeeper and salesman of the defendant company deposited the money of the company in a bank in h's own name. and that the reasonable inference to be drawn from that practice is that the defendant company, by carrying its deposits in the Producers' National Bank of Tulsa, in the name of its cashier and bookkeeper, employed by it, was concealing its property, and that such evidence was sufficient to sustain that ground for attachment contained in plaintiff's attachment affidavit. to wit, "that it has property or rights in action which it conceals."

It is disclosed by the record that, on the hearing of the motion to discharge the attachment, the plaintiff introduced in evidence the deposition of H. C. Miller, who testified in substance that he was the bookkeeper and salesman for the defendant company; that he had formerly and just prior to the incorporation of the defendant company acted as bookkeeper and salesman for W. H. Stricker, one of the incor-

porators of the Stricker Radio & Music Shoppe, and that as such he kept the bank account in his individual name; that after the company was incorporated he did not change the account, but made deposits in his own name and also paid out money in checks for the defendant company on this bank account.

Plaintiff's evidence simply disclosed that this account, kept by Mr. Miller, an officer and small stockholder in the defendant company commenced before the formation of the company and continued after the formation of said company. In other words, the plaintiff's proof showed that the deposit was kept in the bank following the former bank account, and for the use and benefit of the defendant company. The evidence introduced by plaintiff clearly disclosed that there was no attempt to in any way hinder the plaintiff from going into all the details of the company's business and financial affairs. There was no evidence offered to show any irregularity or any attempt at concealment of this account.

Counsel for plaintiff suggest in their brief that the bookkeeper and salesman, who it appears was a trusted officer of the company, had the opportunity to withdraw the entire deposit for his individual benefit. It is true he might have done so; but plaintiff's evidence shows that he did not do so, and that there is an entire absence of any evidence to show an intent upon the part of Mr. Miller, the company's cashier, or of the defendant company, to hinder or delay the plaintiff in the collection of its claim.

A portion of plaintiff's evidence was directed to the establishment of the fourth ground in the attachment affidavit, which is as follows:

"That it fraudulently contracted the debt, or fraudulently incurred the liability or obligation for which the above suit has been brought."

It is not contended that any fraud was perpetrated by the defendant on the plaintiff in procuring the goods in question, or that the defendant company was insolvent, or that any statements were made which would cause the plaintiff to extend credit to the defendant as in the case of Hart-Parr Co. v. Duncan, 74 Okla. 312, 184 Pac. 108, cited by counsel for plaintiff in their brief.

The argument under this proposition is based upon the evidence of the company's bookkeeper, Mr. Miller, who testified on behalf of plaintiff that the defendant company was incorporated for $15,000; that he did not know how much of the stock was paid out; that he had two shares himself of the stock, and that he did not pay cash for it; that any money which has been obtained as a result of the issuance of stock was not deposited in the bank under his name. It is a well settled rule of law that:

"Fraud is never presumed, but must be proved by clear and satisfactory evidence, and when a transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted." Davis v. Howe et al., 99 Okla. 118, 226 Pac. 316.

Over the objection of defendant the court permitted the plaintiff to introduce evidence to the effect that while the officer was levying the attachment, a box was being carried away by an employe of the defendant. This was after the filing of the affidavit for attachment and after the attachment had issued.

As the validity of the attachment must be determined by the facts existing at the date when it issues, proof of matters transpiring since the attachment was issued cannot be considered. 2 R. C. L. 878. But as'de from this the evidence clearly disclosed that a small cardboard box was taken from the defendant company's business place, and that the said box contained none of the property sold by the plaintiff to the defendant. In fact, it is a fair inference from the evidence with respect to this circumstance that the box in question was an empty one, and its removal had no connection with any purpose of the defendant, or any of its employees to take away and secrete any of the property involved in the case.

. The further contention, that stock of the corporation had been issued and not paid for in violation of section 39 of art. 9 of the Constitution of Oklahoma, we think is without merit. There was evidence on the part of the plaintiff to the effect that Mr. Miller, an officer of the defendant company, held two shares of the stock, that he had not paid for them in cash, but was paying for them in services rendered th. company.

As before stated, the principal proposition relied upon by counsel for plaintiff for reversal of the judgment is that the depositing of the company's money in the name of the bookkeeper and cashier was sufficient proof to sustain the attachment in question. The court found that there was no evidence introduced by the plaintiff reasonably tend-

ing to support any of the allegations of the attachment affidavit, and rendered judgment sustaining the demurrer of the defendant to plaintiff's evidence, and dissolved and discharged the said attachment. Th merits of the case are not before us on this appeal.

We think the judgment of the trial court dissolving and discharging the attachment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. pp. 451, 452, §1048. (2) 6 C. J. p. 43, §32; p. 454, §1050. (3) 22 C. J. p. 147, §82; 23 C. J. p. 16, §1748. 27 C. J. p. 44, §170; p. 64, §199; 12 R. C. L. p. 424; 2 R. C. L. Supp. p. 1427; 5 R. C. L. Supp. p. 644.