**FURROW v. FIRST NAT. BANK et al.**

No. 16725. Opinion Filed March 27, 1928.

Rehearing Denied Nov. 20, 1928.

J. C. Helms and C. H. Garnett, for plaintiff in error.

Wilson & Wilson, for defendants in error.

DIFFENDAFFER, C. This action involves the question of damages for fraud. The issues were joined and tried upon an amended petition.

The plaintiff, J. W. Furrow, alleged, in substance, a certain transaction wherein defendants Hugh M. Johnson and W. F. Wilson, and the First National Bank of Oklahoma City entered into a conspiracy to defraud him of certain property of the value of $22,000. He alleges that Hugh M. Johnson and W. F. Wilson induced him to take part in organizing a corporation known as the Art Floral Company, with a capital stock of $50,000, consisting of assets of the Stiles Floral Company, bankrupt, which assets had been bought by the said First National Bank at a bankrupt sale; that they represented to him that the bank had paid $35,000 for these assets and that they were worth $85,000; that by so representing the value of this property, they induced him to take part in the organization of the new corporation, with an agreement that $25,000 of the capital stock was to be issued to him, the other $25,000 of the capital stock was to be issued to R. M. Scruggs for the bank; that in the organization of the company, $24,000 of the capital stock was issued to plaintiff, and $1,000 to H. W. Blocker, and $25,000 to R. M. Scruggs for Hugh M. Johnson; that the Art Floral Company was to assume and agreed to pay said bank the $35,000, for which it gave its promissory note, payable at $1,500 per month. Plaintiff, who was made president of the said company, signed his own name to said note, as surety; that defendant W. F. Wilson, as attorney, prepared the contract between him and the bank that

preceded the organization of said company, the contract being executed April 6, 1922; that Wilson was acting as attorney in organizing the corporation; that plaintiff was made president of the new corporation and took charge of said company, with the assets consisting of a retail store on Main street in Oklahoma City, and a greenhouse in the west part of the city, together with the real estate formerly owned by the Stiles Floral Company, and the book accounts of said company and certain other property used in connection with the operation thereof; that after said Art Floral Company was organized and executed its note, which plaintiff signed, to the First National Bank, for the sum of $35,000, the Art Floral Company took charge of all the assets, and the plaintiff as its president and manager had operated the same for about three months; that all of plaintiff's stock was held by the bank as collateral security for the note, as was the deed to the real estate; that after said Art Floral Company had operated the business for about two months, it was unable to make the payments of $1,500 a month, provided for in the contract. The bank demanded the payments and informed plaintiff that he was personally liable on the note, and threatened suit to enforce payment; that he did not consider himself personally liable because, after checking up the assets of the property, which were represented to him by Hugh M. Johnson, president of said bank, and W. F. Wilson, the attorney, to be worth $85,000, which would make up the entire assets of the Art Floral Company, which had been organized as stated, he found the same to be worth not over $25,000; that he went to the said W. F. Wilson and sought his advice, as an attorney, and was advised by him that he was personally liable on the note; thereafter he and the said Hugh M. Johnson entered into another written contract by which plaintiff was to get a bill of sale to the assets of Furrow & Company, another corporation engaged in the same business, of which plaintiff was manager and principal stockholder, and they would reorganize the Art Floral Company and increase its capital stock to $80,000, and change its name to Furrow Floral Company, and all the assets of the Art Floral Company and the assets of Furrow & Company should make up the capital stock of $80,000; that the assets of Furrow & Company, so turned over, were of net value of $22,000; that plaintiff was to receive additional stock in Furrow Floral Company to the amount of $22,000, thus making the total capital stock of Furrow Floral Company

owned by plaintiff to be $46,000; $25,000 to be held by Hugh M. Johnson or some person designated by him for the bank, and the $1,000 to be held by H. M. Blocker. The remaining $8,000 was left in the treasury. That all of plaintiff's stock was to be hypothecated with the bank to secure the payment of the $35,000 indebtedness to said bank. The plaintiff was to become manager of Furrow Floral Company and receive $300 per month as salary for his services, and that the new company was to pay the $35,000 note to the bank. The new company was to sign a note for $35,700 to take the place of the former note, with accrued interest. The plaintiff was to be released from personal liability on the first note, and not required to sign the new note. This contract was executed and carried out under the new organization. The new company failed to meet the payments on the note, and after operating for about one year, that company went into bankruptcy, whereby plaintiff lost the $22,000 assets he turned into the new company, and he brings this action against the defendants for damages in said amount. He alleges that the defendants are liable to him therefor, for the reason that they had been guilty of fraud and that they had falsely represented to him that the assets of Stiles Floral Company were of the value of $85,000, and that the bank had paid therefor the sum of $35,000, when in truth and in fact the assets were worth but $25,000, and that the bank had in fact paid only about $25,000 therefor. Plaintiff seeks to hold defendants liable for these false representations on the further ground that a confidential relation existed between the plaintiff and Hugh M. Johnson, in that Hugh M. Johnson was an acquaintance of his and engaged in the banking business, and that his company had done its banking business with the First National Bank, of which defendant Johnson was the president, and that by reason thereof a confidential relation existed to such an extent that he relied implicitly upon the statements made by defendant Johnson, and, further, that he relied upon the representations made by defendant W. F. Wilson, for the reason that the same were made to him as an attorney, and that Wilson, while advising plaintiff that he, plaintiff, was liable to the First National Bank on the $35,000 note which he had signed, was at that time the attorney for and representing the bank, which fact plaintiff did not know. The defendants denied the allegations of fraud and all liability for damages. The issues were tried to a jury, and at the close of plaintiff's evidence, the

court sustained the defendants' demurrer thereto, and rendered judgment for defendants, and plaintiff brings this appeal.

Plaintiff sets up several assignments of error, but his principal contention is: That the evidence was sufficient to prove the fraud alleged in the petition, and the liability of defendants to plaintiff, and that it was error for the court to sustain the demurrer to the evidence and render judgment for defendants. The pleadings and evidence are somewhat voluminous, but it is necessary for us to examine the entire record for the purpose of determining whether or not the evidence was sufficient to require the case to be submitted to the jury. There is evidence tending to show that Johnson and Wilson represented to plaintiff that the stock and assets of the Stiles Floral Company were of the value of $85,000. There is also evidence tending to show that the actual value thereof was much less than that sum, and in fact less than the $50,000 represented by the capital stock of the Art Floral Company, which was organized to take over the assets of the Stiles Floral Company, after deducting the alleged indebtedness of $35,000, which the Art Floral Company agreed to pay to the First National Bank, and for which it gave its note. The evidence discloses that plaintiff was a man about 49 years of age, with about 25 years' experience in the floral business; that he was engaged in that business in Oklahoma City, and within about a block of the location of the business of the Stiles Floral Company for about a year before the transaction complained of, and was a man of considerable business experience as a florist; that he made no effort to ascertain for himself the value of the property; that he was not prevented by fraud on the part of either Johnson or Wilson from making an examination for himself; that the conditions were not such as to render an examination impossible. We think the evidence is insufficient to sustain a judgment against defendants for the fraud, unless there is some evidence tending to show the relation of trust and confidence existing between plaintiff and defendants Johnson and Wilson, as alleged.

In the case of Wyrick v. Campbell, 67 Okla. 240, 170 Pac. 267, it was said:

"The general rule is that fraud cannot be predicated on representations as to value, for the reason that such representations are generally regarded as mere opinions, or seller's statements, and in law do not constitute fraud. This is true, though they may operate to defeat an action for specific performance. This rule is based on the fact that value is largely a matter of judgment and estimation about which reasonable and honest men may differ. Where the parties stand on an equal footing, have equal means of knowledge, and there is no relation of trust and confidence existing between them, fraud cannot be predicated on representations of value."

And in the case of Nowka v. West, 77 Okla. 24, 186 Pac. 220, the following is quoted, with approval, from 39 Cyc. 1285:

"Where there is an inspection, or an opportunity for inspection, by the purchaser, the doctrine of caveat emptor applies notwithstanding a false statement by the vendor as to the value of the realty contracted for, unless the purchaser lives at a distance from the realty, or is prevented by fraud on the part of the vendor from making the examination, or the conditions are such as to render an examination impossible, or a relation of trust and confidence exists between the parties."

This court in that case held:

"Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived by the vendor's misrepresentations. If, having eyes, he will not see matters directly before them, where no concealment is made or attempted, he will not be entitled to favorable consideration when he complains that he has suffered from his own voluntary blindness and been misled by overconfidence in the statements of another."

So that it will be seen that the rule in this state is, that, under the circumstances shown by the evidence in this case, defendants would not in law be liable to plaintiff, unless there existed, and plaintiff proved, the confidential relations relied upon. In 27 Corpus Juris, p. 46, it is said:

"The burden is upon plaintiff to make out his case by a preponderance of the evidence. The burden of proving the existence of a confidential relation is upon the party asserting it."

See, also, Crawford v. Crawford, 134 Ga. 114, and other cases cited.

We have carefully examined the record, and fail to find any evidence tending to prove such confidential relation.

As to the representations made by Wilson, as to plaintiff being liable to the bank on the note which he had signed, we think the evidence fails to show that Wilson was in fact plaintiff's attorney at that time. Wilson had before that time attended to the legal part of the organization of the Art Floral

Company, but the Art Floral Company and not plaintiff paid Wilson for his services in that regard. When Wilson first came to plaintiff in connection with drawing the first contract by which the Art Floral Company was to be organized, he suggested to plaintiff that if he, plaintiff, had any other attorney he desired to call in to assist in drawing the contract, he, Wilson, would be glad to have him assist him. So plaintiff knew that Wilson was not representing him in the matter, but that he had been sent by defendant Johnson and the bank and was representing them. The evidence does disclose that Wilson advised plaintiff that he, Wilson, thought plaintiff was liable on the note which he had signed which represented the purchase price of the assets of the Stiles Floral Company when it was sold by the bank to the Art Floral Company. Plaintiff contends that this was a false representation, and that Wilson was serving him then as his, plaintiff's, attorney. We do not think the evidence tends to show that the advice given was false, or that Wilson was in fact representing plaintiff as his attorney at that time. The evidence does not disclose that plaintiff at any time retained Wilson as his attorney. Plaintiff contends that Wilson's advice on that occasion was false, for the reason that he, plaintiff, was not liable on the note in that he had received no consideration therefor. But he signed the note as surety for the Art Floral Company, and the Art Floral Company did receive a consideration from the bank for the note, and received all the assets of the Stiles Floral Company. The bank had parted with its property and the Art Floral Company had received the same.

It appears, therefore, that, under the law, it was incumbent upon plaintiff to prove not only the false representations made to him as to the value of the property, but that he relied upon the same by reason of confidential relation existing between himself and the defendants Johnson and Wilson.

There being no evidence tending to prove such confidential relation, we are of the opinion that the trial court rightfully sustained the demurrer to plaintiff's evidence, and that the judgment should be affirmed.

FOSTER, LEACH, JEFFREY, and HERR, Commissioners, concur.

By the Court: It is so ordered.