## SOUTHLAND REFINING CO. et al. v. JACKSON.

No. 20092.  Opinion Filed June 16, 1931.

Chas. L. Yancey, Henry L. Fist, and Hugh Ownby, for plaintiffs in error.

I. M. Boyd and H. A. Tallman, for defendant in error.

CLARK, V. C. J.  This cause presents error from the court of common pleas of Tulsa county, wherein defendant in error was plaintiff, and plaintiff in error was defendant.  For convenience, parties will be referred to as they appeared in the trial court.

Plaintiff, W. A. Jackson, for his cause of action against the defendants, Southland Refining Company, a corporation, and B. J. Arbon, alleges that he was employed by the defendants.  That he performed his duties as provided in said contract, and that during the period of June 8, 1926, to October 16, 1926, he was to be paid the total sum of $853.33; no part of which has been paid except $300, leaving a balance due in the sum of $553.33.  Plaintiff prays judgment against the Southland Refining Company, a corporation, and B. J. Arbon, in the sum of $553.33, with interest thereon at the rate of 6 per cent. per annum from October 16, 1926, until fully paid, together with the cost of this action.

It appears from the record a default judgment was entered against the defendants on the 4th day of May, 1928; and said default judgment, on motion of defendants, was set aside on the 12th day of May, 1928; and on the 12th day of May, 1928, the defendant, Southland Refining Company, filed its answer.  Said answer was by way of a general denial, and by further answer alleges that said W. A. Jackson, plaintiff, was in the employ of Southland Refining Company and that he had been fully paid for all services rendered by him to said defendant, and that neither of the defendants was indebted to him for any sum whatsoever.

On the 12th day of June, 1928, cause came on for trial.  At the conclusion of evidence of the plaintiff, defendants interposed demurrers for the reason the evidence offered by plaintiff was wholly insufficient to constitute a cause of action in favor of the plaintiff and against the defendants.  Court sustained the demurrer as to the defendant B. J. Arbon, and overruled the same as to the Southland Refining Company.

After the testimony was offered on behalf of the Southland Refining Company, judgment was rendered by the court in favor of the plaintiff in the sum of $553.33, with interest at 6 per cent. from October 16, 1926.  To which action of the court, defendant accepted, motion for new trial was filed and overruled, and the cause was brought here for review.

Defendant presents the sole error that the court erred in overruling the demurrer to the evidence of plaintiff.

The plaintiff testified that he worked for three companies, the Southland Refining Company, the Northern Gasoline Company, and the B. & M. Gasoline Company; that the Southland Refining Company paid $100, the B. & M. paid $50, and the Northern Gasoline Company paid $50, making a total of $200 per month.

Plaintiff further testified that Mr. Arbon had charge of the Southland Refining Company business, and that on or about the 7th day of June he had a conversation with Mr. Arbon, in which Mr. Arbon wanted him to do some additional work while he was away.  That he, Arbon, was going to Europe the next day; that his salary would amount to $200 per month.  It was to be paid by the Southland Refining Company during the time he performed the extra work.

The record further discloses that attorneys for defendant in their opening statement to the court stated:

"Mr. Yancey, attorney for defendant, stated: 'Now, I think, Your Honor, the testimony will show that Mr. Jackson was employed by the Southland Refining Company and worked for it for possibly two years or more and that during the year 1926, the defendant, Southland Refining Company, was paying Jackson a salary of $200 a month. That is what they agreed to pay him and that is what they did pay him; that along in May, I believe, 1926, Mr. Arbon had occasion to go abroad to attend to some business and he agreed to give Jackson $75 a

month over and above his regular salary in order to look after his business in somewhat of a supervisory capacity, I guess, while he was away. Now, in 1925, I think the testimony will show Mr. Arbon was also abroad and while he was away that time when he came back he gave Jackson $200 a month in addition to his regular salary'."

This is a law action tried before the court, and under the well-established rule in this state, a judgment and finding of the trial court in a law action has the same force and effect as a verdict of the jury, and the same will not be disturbed in this court on appeal where there is any competent evidence reasonably supporting the same.

We think the evidence offered, taken together with the admissions made in the opening statement by attorneys for plaintiff in error, are sufficient to support the judgment of the trial court. The judgment is therefore affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. SWINDALL and ANDREWS, JJ., absent.