## GORDON v. SLATE.

No. 22968. Oct. 30, 1934.

Oscar C. Simpson and Henry L. Goddard, for plaintiff in error.

Ellmore Pinnick, for defendant in error.

PER CURIAM. This was an action brought by S. N. Slate, defendant in error, hereinafter referred to as plaintiff, against Abe Gordon, plaintiff in error, hereinafter referred to as defendant, for the recovery of the sum of $390, plus reasonable attorney fees, as double the amount of interest paid on an alleged usurious loan.

The petition, by sufficient and appropriate pleading, alleged a usurious transaction by which the plaintiff borrowed from the defendant the sum of $300, on October 8, 1927, and repaid it on December 17, 1928, together with an aggregate of $195, as interest on the loan for the period. The answer and the reply thereto were each in substance a general denial.

Thereafter a dismissal of the action with prejudice was filed, but the same was stricken from the files on the petition of the plaintiff, the evidence thereon not appearing in

the record. After this action an amended answer was filed, reiterating the general denial, and alleging the dismissal of the action and a settlement of the demand. To the amended answer a reply was filed in the nature of a general denial, and alleging that the dismissal and settlement was procured by fraud and deceit and was without consideration.

These issues were tried to the court without the intervention of a jury, resulting in a judgment for the plaintiff.

The usurious transaction, and the sufficiency of the pleading and evidence to support a judgment on that basis, are assumed by all parties to the appeal, but the controversy here relates entirely to the dismissal and settlement of the action.

The essential facts for examination of the issues presented and for determination of this cause are hereafter set out.

The plaintiff owned a diamond ring that under the evidence had a maximum value of $1,000, which he pawned to the defendant to secure the loan of $300 in question.

The controversy here relates to the transaction in which the plaintiff sold this ring to the defendant for $450 while this action was pending trial. The plaintiff contends that the amount was paid as the purchase price of the ring. The defendant contends that the amount paid included the settlement of this action. The record discloses that some two weeks prior to the transaction one Ginden, a friend of the defendant, and likewise engaged in the same business, suggested to the plaintiff that the defendant would settle the suit. Thereafter the plaintiff, being in need of money, went to Ginden, who called the defendant to his place of business. The matter of the settlement of the case was discussed, and the defendant advised the plaintiff that he had no case. There is a dispute as to what then occurred, but the evidence discloses that the plaintiff executed three instruments, being a stipulation of settlement that provided for the sale of the ring and the dismissal of this action, a receipt for payment of advanced money, and a dismissal of the action. There was another instrument purportedly signed by the plaintiff, the execution of which he denied, in the nature of an affidavit that no usury was charged the plaintiff by the defendant, but that the payments set out in the petition in the case were for money borrowed by the plaintiff. Under the later testimony of both the plaintiff and defendant, the recitals contained in the affidavit were false, and the falsity of the same at the time was unquestionably known by the defendant. The plaintiff did not read the instruments, but signed them on the representation of the defendant that they were necessary to effect the transfer of title of the ring, including the release of the same from a third party who then had possession of it. These instruments were all signed at the same time, notwithstanding that the stipulation of settlement purports to have been executed the previous day to the other instruments. The plaintiff was a man of meagre education and of small business experience and ability, and at the time was to some extent under the influence of intoxicating liquor purchased with money furnished by Ginden. The defendant was a man of shrewd business ability and engaged in the business of being a pawnbroker. The ring in question was without doubt of a value exceeding the amount paid for it, was probably worth $600, and was sold by the defendant to a clerk of Ginden's shortly thereafter for $422.50, according to testimony of the defendant. There was no question as to the liability of the usurious transaction, and from the false affidavit presented in evidence, as to the payments being for other money borrowed instead of interest, it is inferable that the defendant knew his liability.

The defendant first complains of the action of the court in striking the dismissal from the pleadings. The record does not disclose the proceedings thereon, nor any objection or exception thereto, and consequently the question is not properly here for review.

The defendant next complains that the court erred in not sustaining his demurrer to the evidence, and that the judgment is contrary to and not supported by the evidence.

We are of the opinion that the evidence amply sustains the finding and judgment of the trial court. The rule is that in a law case, where a jury is waived, the judgment of the court will not be disturbed where there is any competent evidence reasonably supporting the same. Southland Refining Co. v. Jackson, 149 Okla. 286, 1 P. (2d) 410.

The defendant contends, which is true, that in a law action fraud is never presumed, but must be proved as any other fact; and, when a transaction is fairly susceptible of two constructions, the one which will free it from imputation of fraud will be adopted. Davis v. Howe, 99 Okla. 118, 226 P. 316; Smith v. Stricker Radio & Music Shoppe, 123 Okla. 95, 251 P. 1015.

It is also true that fraud may be established by circumstantial evidence.

The rule of law applicable here is as laid down in Wingate v. Render, 58 Okla. 656, 160 P. 614, and numerous cases thereafter, in which it was held:

"Circumstances altogether inconclusive, if separately considered, may by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof [of fraud]."

Under these authorities, the evidence is sufficient to sustain the judgment.

For these reasons, the judgment of the trial court should be, and is, affirmed.

The Supreme Court acknowledges the aid of Attorneys Clayton Carder, Finley McLaury, and George L. Zink in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Carder, and approved by Mr. McLaury and Mr. Zink, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.