## BUNCH v. HUMPHREYS.

No. 25412. Oct. 15, 1935.

John W. Scott and S. M. Bunch, for plaintiff in error.

H. W. Sitton, for defendant in error.

PER CURIAM. L. L. Humphreys, plaintiff below, sued to replevy a Chevrolet truck, upon failure of A. N. Bunch, defendant below, the mortgagor, to pay at maturity a purchase price note secured by chattel mortgage on said truck. It appears one Buster Jackson, as agent for the former owner of this truck, sold the same to Bunch, who lacked $225 for payment of the full purchase price. Bunch claims he borrowed this balance from Humphreys, a banker, giving him a note for $255 payable in five monthly installments. Humphreys alleges he purchased the $255 note from Jackson, the payee therein, paying therefor the sum of $225, and contends he made no loan whatsoever either to Bunch or Jackson, but that the entire transaction was merely the purchase by Humphreys from Jackson of the note representing the balance of the purchase price of said truck.

Bunch in his answer claimed usury in the sum of $22.65, charged or contracted to be paid in excess of the legal rate of interest.

and contended the transaction was in fact a loan of money by Humphreys to him. Cross-petition was filed seeking damages, claiming the rental and usable value of the truck as $15 per day after the time such truck was surrendered by the sheriff to plaintiff, plus attorney's fees.

The testimony of the plaintiff and of Buster Jackson was in substantial support of the petition. The testimony of the defendant is entirely in support of his interpretation of the transaction and his claim of usury. However, the preponderance of the testimony supports plaintiff's contentions, and the judgment of the trial court, a jury having been waived, was in favor of the plaintiff.

Defendant correctly contends the journal entry of judgment (case-made p. 42) is incomplete as follows: "* * * and the court, being fully advised, on consideration of his petition and is entitled to a judgment accordingly. * * *" We presume this sentence was intended to read: "and the court being fully advised, on consideration of plaintiff's petition and the pleadings and after hearing the evidence, finds the issues for the plaintiff and he is entitled to a judgment accordingly." There is nothing to show such defect in the journal entry was ever presented to the trial court, and, from all the record shows such defective journal entry is first criticised here in the Supreme Court.

The motion for new trial sets out three grounds:

"(1) Error in assessing the amount of recovery.

"(2) Error in rendering judgment for the plaintiff.

"(3) That the judgment of the court is contrary to the law and evidence."

The following errors are assigned in the petition in error:

"(1) Said court erred in overruling motion of the plaintiff in error. (We presume reference is made to the motion for new trial.)

"(2) Said court erred in refusing to render judgment for the plaintiff in error after the introduction of all the testimony. (The case-made shows no motion for such judgment.)

"(3) Said court erred in admitting evidence on the part of the defendant in error, which was excepted to at the time and an exception allowed by the court. (No specific testimony so admitted is set out in the brief, as required by the rules of this court.)

"(4) The judgment of the court is not supported by its findings."

In the brief of defendant, plaintiff in error, two propositions are urged:

"First. Error was committed by the trial court in that the judgment was and is against the weight of the evidence, and contrary to both the law and the evidence and was not authorized by the law germane thereto.

"Second. The judgment of the court is not supported by any finding of fact. (This proposition does not, at least, in so many words, appear in the motion for new trial or in the petition in error.)

In his brief, Bunch, the mortgagor, relies upon section 9522, O. S. 1931, and especially the last portion, said section reading as follows:

"No suit upon any contract entered into after the passage and approval of this act, of $300 or less, or an action in replevin or to foreclose any mortgage or lien given as security therefor, shall be maintained in courts of this state, and no petition or bill of particulars shall be filed or any process issued where the amount of such sum is $300 or less, unless at the time of filing such suit there shall be filed with such bill of particulars or petition, an affidavit setting forth that the contract sued on was not made in violation of the interest laws of this state, and that a greater rate of interest than 10 per cent. has not been charged, reserved or collected on such contract or contracts sued upon; Provided, that if upon the trial of any such suit brought upon any note, bill or other evidence of indebtedness of $300 or less, or in replevin or for the foreclosure of any lien given to secure the same, it shall be shown by the evidence that the contract sued upon is usurious and made in violation of the interest laws of this state, said suit shall be dismissed at the cost of the plaintiff."

There appears nothing in the trial proceedings indicating the defendant moved for a dismissal of this suit after conclusion of the trial, on the ground usury had been established. In his brief, defendant contends the demeanor of the parties during the trial and the suspicious circumstances of the transaction indicated the making of the note and mortgage by Bunch to Jackson, and Jackson's transfer thereof to Humphreys, was merely a subterfuge. If said suspicious circumstances existed, or if there were any untoward acts of the parties, the trial court observed and considered the same and his judgment as to such matters is not properly here for review. Furthermore, we have carefully examined the record and the briefs, and we find the testimony of Jackson substantiates the con-

tention of the plaintiff that he purchased this note from Jackson and that no loan was made by Humphreys to Bunch, as was contended by the defendant. Not only does the testimony preponderate in favor of the plaintiff, but the judgment of the court is in plaintiff's favor; and a jury having been waived, under the long-established rule of this court, the judgment of the trial court will not be reversed or modified unless it is clearly against the weight of the evidence. Gordon v. State, 169 Okla. 399, 37 P. (2d) 270; Southland Refining Co. v. Jackson, 149 Okla. 286, 1 P. (2d) 410. On the contrary, we find the weight of the evidence in support of the judgment of the court, and the defendant is therefore entitled to no relief upon his first proposition.

As to defendant's second proposition, that the judgment is not supported by any finding of fact, a reading of the poorly prepared journal entry possibly indicates such to be true, but in this journal entry where the court refers to a petition, the record shows only the petition of the plaintiff, and in using the words "is entitled to a judgment accordingly," reference most certainly must have been made to plaintiff's petition and the word "entitled" has substantially the same meaning as "finds." In spite of the imperfection of the journal entry, we find it sufficient to determine therefrom that the court finds in favor of the plaintiff. Such defect should first have been called to the attention of the trial court and assigned in motion for new trial. Rafferty v. Collins, 160 Okla. 63, 15 P. (2d) 600.

The judgment of the trial court is entitled to all the presumptions of a court of general jurisdiction. The last paragraph of the journal entry specifically renders judgment for the plaintiff, awarding him possession of the truck. No request was made for findings of fact, nor is there any representation that the court did not orally, at the conclusion of the trial, announce his finding of the issues in favor of plaintiff. This court may properly indulge the presumption the district court, being one of general jurisdiction, at the conclusion of the trial, made oral findings and announcement of its judgment. The only authorities presented by defendant in his brief apply to instances where request was made for formal findings of fact. Therefore, believing from an examination of the entire contents of the imperfect journal entry that it is sufficient to show finding and judgment for plaintiff, and being the judgment of a court of general jurisdiction, and since the correction of the journal entry was not presented to the trial court, it is the judgment of this court the defendant is entitled to no relief upon his second proposition.

The judgment of the trial court, therefore, should be, and is, hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys Ray S. Fellows, W. C. Franklin, and Mather M. Eakes in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Fellows and approved by Mr. Franklin and Mr. Eakes, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.