TYLER v. HARTFORD ACCIDENT & INDEMNITY CO.

No. 31500. June 12, 1945.

*159 P. 2d 722.*

524

O. B. Martin, of Blackwell, for plaintiff in error.

Peyton E. Brown, of Blackwell, for defendant in error.

OSBORN, J. This is an appeal from a judgment rendered in favor of the defendant in error, as plaintiff, by the district court of Kay county, against the plaintiff in error, as defendant, for bond and insurance premiums.

On May 27, 1940, plaintiff filed its petition alleging that defendant was justly indebted to it in the sum of $8,790.28 for premiums on bonds and policies of insurance furnished by plaintiff at the request of the defendant between the dates of March 5, 1937, and June 16, 1938, which defendant agreed to pay.

On February 28, 1942, defendant filed an amended answer wherein he alleged that on November 7, 1940, he was adjudged a bankrupt by the District Court of the United States at Wichita, Kan., and listed among his liabilities and creditors the plaintiff, and that plaintiff appeared and filed its creditor's claim and filed objection to the discharge of the defendant in bankruptcy from the debt sued upon herein; that on October 24, 1941, defendant was discharged from all the debts by order of the United States District Court, and that the debt sued upon herein was one of the obligations from which this defendant was discharged, and "by operation of law and the said bankrupt discharge herein he is released from any further liability for the debt sued on in this action."

Plaintiff filed a reply wherein it denied all the allegations contained in the amended answer, except those specifically admitted; but admitted that defendant was adjudged a bankrupt and discharged; but specifically denied that defendant was discharged and released from the liabilities set out in plaintiff's petition, for the reason "that on or about the 23rd day of June, 1937, the defendant for the purpose of inducing the plaintiff to issue or procure the issuance of certain bonds and insurance policies, the premiums for which are itemized and sued upon in plaintiff's petition herein, to and for the benefit of the defendant, and for establishing and procuring credit from time to time without depositing collateral security to the full amount thereof, furnished the plaintiff in writing a statement of the defendant's financial condition as of that date, signed by the defendant, in which the defendant represented, among other things, that he owned and held the record title of two lots with a six-room dwelling house thereon situated in the city of Blackwell, Okla., of the then forced sale value of $1,750; a warehouse, yard, office, and nine lots of real estate in said city of Blackwell, Okla., of the then forced sale value of $10,000; and eight business lots located in said city of Blackwell of the then forced sale value of $3,500, and following his delivery of said credit or financial statement to the plaintiff the defendant orally represented to the plaintiff that said property was unincumbered . . . . That said statement and representations were materially false and were then known by the defendant to be false in that the defendant did not in fact own

and hold the record title to said property or any part thereof and in the further fact that said property was then of a forced sale value greatly below that so represented by the defendant, and in the further fact that said property was heavily incumbered with the liability for unpaid taxes and paving assessments thereon, duly assessed against the same."

It was stipulated that the amount of the liability alleged in the petition was correct and the property referred to in the financial statement was certain legally described property upon which there were unpaid taxes in the sum of $654.49, due at the time the statement was made; that at the date the financial statement was made the record title to the property shown in the schedule thereto was in the names of the defendant's two daughters, and was conveyed to defendant by his daughters on November 19, 1938, by separate deeds; that the objection to the discharge of the defendant in the bankruptcy proceedings was not overruled on its merits, but was denied because not timely filed.

The defendant contends that the trial court erred in holding the debt to be one incurred by false pretense or false representation for the reason that the evidence shows: (a) the defendant did not represent that he was the owner of the record title, but did represent that the title was in his name, which was established by the evidence; (b) that the value placed on the property by the defendant in the financial statement does not constitute fraud under the laws of this state; (c) the defendant did not represent that the property involved was unincumbered, as he was not asked about the delinquent taxes.

The real issue to be determined in this case is whether or not the evidence was sufficient to sustain the findings by the court that the credit was obtained by defendant by false pretense and false representation and is such a debt as may not be released and discharged by a discharge in bankruptcy. The applicable portion of the Federal Bankruptcy Act found in section 35 of title 11, U.S. Code Annotated, is as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (2) are liabilities for obtaining property by false pretenses or false representations. . . . ."

In determining whether or not the defendant was guilty of fraud in procuring the credit extended in this case, the fraud must be measured by the rules applicable to actionable fraud. Wheeler & Motter Mercantile Co. v. Green, 97 Okla. 96, 222 P. 965. In Cooper v. Gibson et al., 69 Okla. 105, 170 P. 220, this court held:

"To constitute actionable fraud, it must be made to appear: (1) that defendant made a material representation; (2) that it was false; (3) that he made it when he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury, and (7) that all these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to a recovery."

Fraud is never presumed, but must be proved by clear and satisfactory evidence, and, when a transaction is fairly susceptible of two constructions, one which will free it from imputation of fraud will be adopted. Davis v. Howe, 99 Okla. 118, 226 P. 316; Smith v. Stricker Radio & Music Shoppe, 123 Okla. 95, 251 P. 1015.

In Farmers Union Co-Operative Royalty Co. v. Southward, 183 Okla. 402, 82 P. 2d 819, we held:

"Fraud is never presumed, but must be established by clear, satisfactory, and convincing evidence."

The evidence as to the ownership of the property shows that the defendant had an unrecorded deed from his daughters in whose name the record title stood, and that said deed was never re-

corded, but that defendant obtained other deeds from his children after the date of the financial statement which were recorded at different times. The question contained in the financial statement with reference to the ownership was: "In whose name is title?" The answer given by the defendant was: "O. T. Tyler." The plaintiff's agent, who wrote the answers in the financial statement, testified that he did not remember the word "record" having been mentioned in this connection. The answer given by defendant was not false, and there is no evidence which shows that the defendant was questioned as to "record" ownership. There is no reasonably clear, satisfactory, and convincing evidence upon which a judgment holding that the credit was obtained by false pretense or false representation could be based.

There is evidence to show that the defendant made the representation that the value of the property was as shown in the financial statement, but there is no evidence to show that defendant knew the statement to be false at the time he made it. Generally, statements as to value do not constitute the basis of fraud. Nowka v. West, 77 Okla. 24, 186 P. 220; Furrow v. First Nat. Bank, 133 Okla. 137, 271 P. 632. There is evidence produced by plaintiff that the value of the property was less than that shown in the financial statement, but such evidence was only an opinion as to the value and did not show that defendant knew the falsity of his statements at the time he made them. Thus having failed to establish that the debt was created by false pretense and also representation as to the value of the property, by any reasonably clear, satisfactory, and convincing evidence, the plaintiff failed to establish one of the essential elements of fraud.

The third claim of fraud by plaintiff against the defendant is as to the incumbrances against the property. As above noted, it was stipulated that there was due $654 on back taxes against the property at the time the statement was made. There is no rea-sonably clear, satisfactory, and convincing evidence that the defendant made any material representations as to the delinquent taxes. There is no specific question contained in the financial statement as to delinquent taxes, but the question related only to mortgages or other incumbrances. Not having been questioned regarding the taxes, he made no statement to be false.

It is the contention of the plaintiff that the defendant is precluded by the record from raising the question of the sufficiency of the evidence below to sustain the judgment of the court, because a demurrer or motion for directed verdict was not interposed by the defendant at the conclusion of all the evidence. The cause was tried to the court, however, and although demurrer was interposed at the conclusion of plaintiff's evidence, same was not renewed at the conclusion of all the evidence. It was the duty of the court to weigh the evidence as the trier of the facts. We think this contention is. without merit.

Reversed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.