H. M. McDANIEL and Company, Harry
Schmitz and Gladys W. Schmitz,
Plaintiffs in Error,

v.

Terrence QUINN and Jaunita Quinn
Defendants in Error.

No. 36899.

Supreme Court of Oklahoma.

Feb. 5, 1957.

Cleo Wilson, Tulsa, for plaintiffs in er-
ror.

T. Austin Gavin, Tulsa, for defendants in
error.

CORN, Vice Chief Justice.

Plaintiffs brought this action to recover
the sum of $500 paid defendants as earnest
money under a written contract for the
purchase of a garage business in Tulsa,
Oklahoma. The cause of action, so far as
can be ascertained from the pleadings, was
based upon the alleged fraud and misrepre-
sentation of defendant McDaniels, a real
estate broker, in misrepresenting the loca-
tion of the business plaintiffs contracted to
purchase from defendants Schmitz.

The factual situation may be summarized
in the following manner. Plaintiff, a high-
school graduate 26 years of age, had re-
sided in Tulsa, Oklahoma, approximately 5
months prior to execution of the contract.
In March, 1954, plaintiff made inquiry of
defendant as to the availability of a garage
business which might be purchased. One
business listed was too high, but plaintiff

was advised another might be available. Defendant later telephoned and arranged to take plaintiffs to look over the property involved herein. While viewing the property plaintiff complained of the inadequate parking space, but defendant stated he thought additional space could be obtained, and that plaintiff probably could attract repair customers from office buildings in the downtown area. Plaintiffs were advised of an outstanding lease upon the property, held by parties other than defendants Schmitz who owned the garage, and that such parties would have to approve transfer of the lease. Plaintiffs also were advised they would have to deposit $500 earnest money. Approximately a week after the first occasion plaintiff, accompanied by defendant, again looked over the property. Prior to signing the contract the plaintiffs, accompanied by a brother-in-law, further investigated the property. As a result of the investigation the brother-in-law advised plaintiffs against going into business at this location.

March 25, 1954, the plaintiffs and defendants Schmitz executed a contract for sale and purchase of the garage property, paying $500 earnest money, and agreeing to pay an additional $1,000 when the transaction was closed, and the further sum of $4,000 at $150 per month. The agreement recited that duration of the lease was subject to verification, the understanding being that such lease was for approximately 4 years, at an agreed rental of $100 per month. Possession was to be given upon closure of the transaction on April 15, 1954. The contract also provided that if the vendors complied with contract by furnishing good title and plaintiffs failed to comply with the requirements within 5 days thereafter, the contract could be declared void at the seller's option and the earnest money held by defendant (McDaniels) should be forfeited.

It was agreed that the day following execution of the contract plaintiffs were to take the lease to their attorney for examination. Defendant did not surrender the lease, but accompanied them to the attorney's office. During the course of this conference the attorney discussed the good and bad features of the property with plaintiffs, advised them to investigate further by consulting other business people in the vicinity of this property, and even suggested certain individuals who might be consulted. Such investigation resulted in plaintiffs being advised not to enter business at this location. Thereafter plaintiffs advised defendant that upon consideration of the matter they had decided not to go into business at this location. All defendants were orally advised of this decision, and demand was made for return of the earnest money. Defendants Schmitz first indicated their willingness for the money to be refunded, but upon defendant's (McDaniels) refusal they stated their desire to remain neutral, and the money remained in defendant's hands.

The petition, as respects matters germane to the questions to be considered, alleged defendant orally represented to plaintiffs that the property described in the contract of sale was " * * * in the very heart of the business district", and a good location for the type of business plaintiffs proposed to carry on; that plaintiffs consulted an attorney for advice concerning the lease, and also to ascertain the truthfulness of the representations made, since they were unacquainted with the location, and so learned the location was not in the heart of the business section; that upon learning the location of the premises and the nature of the lease to be assumed they became aware this location was unsuitable for their business.

Defendants' motions and demurrer to the petition were overruled. The answer was by general denial, admitting execution of the contract, but alleging the express understanding plaintiffs were to have the lease examined in order to ascertain whether same had four years to run as represented; upon examination by plaintiffs' attorney this was ascertained to be true and plaintiffs made no complaint as to the lease term; that owners of the premises were ready at all times to perform, but

plaintiffs failed and refused to carry out the contract. Plaintiffs replied by general denial of the answer filed.

The case was tried to a jury, under instructions from the trial court. A verdict was returned for plaintiffs for the amount sued for, and the judgment appealed from was rendered upon this verdict.

The assignments of error urged for reversal of this judgment are presented under six propositions. Since a single issue is dispositive of the appeal an extended résumé of the testimony is unnecessary.

The nature and requisite elements of fraudulent misrepresentation have been defined and considered by this court in a multitude of decisions. Citation of authority and discussion of the principles involved are not required herein. As noted, plaintiffs' purported cause of action for fraudulent misrepresentation was based upon the proposition that defendants falsely misrepresented the true location of this business and misled plaintiffs to their detriment. In view of the conclusion to be reached, we purposely pass over questions raised concerning sufficiency of the petition to present the issue of fraud and deceit by clear and concise allegations of the alleged fraudulent misrepresentations, and the plaintiffs' reliance thereon to their own injury. A part of the evidence relative to the alleged fraudulent misrepresentation has been mentioned. As bearing directly upon the question whether plaintiffs relied upon the alleged fraudulent misrepresentation, that this business was located "in the heart of the city", we deem it appropriate to point out the following facts disclosed by the record.

Plaintiff had a high school education, was experienced in automotive service and repair work, and had lived in Tulsa for some 5 months prior to this occurrence. From his own experience he had a settled opinion as to the principal business section of that city, and knew the distance from this part of the city to the location in question. When making the first trip to view the premises plaintiff expressed concern over the location, thinking they were traveling out of the city. Upon seeing the garage plaintiff complained of inadequate parking space, but was advised defendant "thought" additional parking area could be procured, and that "probably" plaintiffs could get customers from office buildings across the viaduct. On his first visit plaintiff observed the types of businesses operating in the immediate vicinity. Some week or two later plaintiff went back to examine the property. Apparently still uncertain he returned a third time to investigate the location, being accompanied by his wife and brother-in-law, and at that time was advised against this venture. The foregoing matters are reflected in plaintiff's testimony, and provide the only possible basis for plaintiffs' supposed reliance upon defendants' misrepresentation of the true facts.

The circumstances reflected herein disclose that nothing would be gained by consideration of various rules relating to a purchaser's rights to rely upon alleged fraudulent misrepresentation, and such related questions. Plaintiffs' evidence indisputably established that full investigation of the premises was made before execution of the contract. The general rule in such instances is stated in 23 Am.Jur., Fraud and Deceit, Sec. 147, as follows:

> "Effect of Investigation.—Where a party to whom representations are made is put upon inquiry by his knowledge of the facts and undertakes to make an investigation of his own, and the other party does nothing to prevent this investigation from being as full as the investigator chooses to make it, and in the transaction the true facts are equally open to both upon investigation, the investigator will not usually be heard to say that he had the right to rely on such representations."

And section 156 of the same text states:

> Indefinite and Extravagant Assertions.—Fraud cannot be predicated of representations or assurances which in the nature of things are impossible

of performance and in regard to which no one having the capacity to contract at all could be deceived, or where from the nature of the representation it is incredible that the person to whom it was made could have been deceived. * * *"

Recognition of the later principle may be observed in Mt. Hope Nurseries Co. v. Jackson, 36 Okl. 273, 128 P. 250, 45 L.R.A., N.S., 243.

 And, our decisions likewise extend to recognition and application of the doctrine of caveat emptor in instances where there is inspection or investigation by the purchaser. Nowka v. West, 77 Okl. 24, 186 P. 220; Furrow v. First Nat. Bank, 133 Okl. 137, 271 P. 632.

The evidence wholly fails to show plaintiffs relied upon defendant's alleged misrepresentation of the location of this business. Rather, the evidence discloses plaintiffs had independent knowledge concerning the principal business area of the city, conducted an independent investigation of the business location involved, and thereafter evidenced their own free choice in the matter by entering into the contract. Whatever the reason therefor, they later determined the location contracted for was not suitable for the proposed venture and refused to carry out their contract. No other conclusion is possible than that plaintiffs acted with full knowledge of the location of the property, derived from their own investigations, rather than in reliance upon the alleged misrepresentations of defendant.

"* * * When the means of knowledge are open and at hand, or furnished to the purchaser or his agent, and no effort is made to prevent the party from using them, and especially where the purchaser undertakes examination for himself, he will not be heard to say he has been deceived to his injury by the misrepresentations of the vendor." Shappirio v. Goldberg, 192 U.S. 232, 24 S.Ct. 259, 261, 48 L. Ed. 419.

For the reasons assigned the judgment is reversed and the cause remanded to the trial court with directions to sustain defendants' demurrer to plaintiffs' evidence and enter judgment dismissing the action.

DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., dissents.