## KELLY v. ROBERTSON.

No. 6159—Opinion Filed Sept. 19, 1916.

Rehearing Denied Oct. 10, 1916.

(160 Pac. 46.)

### 1. Fraud—False Representations.

The second paragraph of the syllabus in Garvin v. Harrell, 27 Okla. 373, 113 Pac.

186, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B, 744, is adopted and approved herein.

### 2. Same.

A vendee in the exchange of real estate has a right to act on the positive representations of existent material facts made by a vendor, even though the means of knowledge were open to him. The real question in such matters is: Was the party in fact deceived by the false representations? "It is as much an actionable fraud willfully to deceive a credulous person with an improbable story as it is to deceive a cautious and sagacious person with a plausible one."

(Syllabus by Galbraith, C.)

Error from District Court, Blaine County: James R. Tolbert, Judge.

Action by Thomas F. Robertson against W. R. Kelly. There was judgment for the plaintiff, and defendant brings error. Affirmed.

Seymour Foose, Ed Baker, and R. C. Brown, for plaintiff in error.

A. L. Emery, for defendant in error.

Opinion by GALBRAITH, C. This was an action for damages for fraud and deceit in the exchange of real estate. The plaintiff below, Thomas F. Robertson, after the formal parts of his petition, alleged that he was 34 years of age and had been totally blind for the past 30 years, and that prior to the times hereinafter alleged he had known the defendant, W. R. Kelly, for 5 or 6 years privately and in a business way, and that during a part of that time the defendant had been president of the First National Bank of Watonga, and the plaintiff had maintained business relations with him by way of depositing money and borrowing money, and the transactions had been agreeable and satisfactory, and he had come to regard the defendant as a man of honor and integrity and a friend, and had implicit confidence in him; that the plaintiff owned 320 acres of land in Blaine county of the value of $5,700, against which there was a mortgage of $3,200, and some unpaid taxes and maturing interest on the mortgage, amounting to $200, and charged.

"That on November 12, 1908, this plaintiff being on a trade of said described real estate with B. B. Bridgford for some real property consisting of a certain red house and lot situated plaintiff believes on lot 2, block 73, in the town of Watonga, was in the defendant's office when the defendant proposed to plaintiff that this plaintiff trade with him instead of with the said B. B. Bridgeford, to which this plaintiff consented if he and the defendant could agree.

"That the said defendant then represented as follows: That he had a better house which he was building just west of the said

red house, that the main building of the said house was 16x24 feet, containing three rooms, and an L which was 14x16 feet, and a lean-to, and that the said real property was worth the sum of $2,000, the said property being lot 3, block 73, in the town of Watonga, Blaine county, Okla., which the defendant would trade for the land of the plaintiff.

"That all the information which the plaintiff had and possessed in regard to said property was derived from the above said representations made to him by the defendant. That the plaintiff believed without hesitancy or doubt that the said representation was a statement of a living, existing fact, and that the said property was exactly as represented."

It is alleged that the plaintiff and defendant agreed to exchange property, and that they passed their respective deeds, the plaintiff conveying the farm subject to the mortgage and the taxes and accruing interest to the defendant, and the defendant conveying the town property to the plaintiff. Again it is charged:

"That in the spring of 1909, the plaintiff discovered that the said property was not as represented to him by the defendant, and that the representation made to him and the description of the said property were false, and known to be false by the said defendant; and that the defendant, taking advantage of this plaintiff's blindness, by fraud and cheat, willfully misrepresented the said lot 3 in block 73 for the purpose of beating and cheating this plaintiff out of the title to the said real estate then owned by him. That in truth and in fact lot 3 in block 73, in the town of Watonga, is as follows: That the said red house is a better house than the house located on lot 3, block 73; that the main building of the said house is 14x20 and contains two rooms, and the L is 12x12 feet, and the lean-to 8x12, the L and lean-to being old buildings, and that the said property was not at the time and is not now worth to exceed the sum of $400."

It is then charged that by such fraud and deceit the plaintiff was damaged in the sum of $1,600, and prayed judgment for that sum, together with interest thereon from November 11, 1908. There was a general demurrer to the petition, which was overruled. The defendant then answered by way of a general denial. There was a trial to the court and a jury, and a verdict returned for the plaintiff in the sum of $200. A motion for new trial was made and overruled and judgment entered upon the verdict, from which an appeal has been prosecuted to this court.

There are numerous assignments of error set out in the petition in error, but it seems only necessary to examine two of these, namely, the error assigned in overruling the

demurrer to the petition, and that overruling the demurrer to the evidence presented at the close of the plaintiff's evidence.

The issues presented in this case are largely issues of fact, since the law controlling is statutory and is settled by the prior decisions of this court. In Garvin v. Harrell, 27 Okla. 373, at page 375, 113 Pac. 186, at page 187, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B, 744, the rule is announced:

"The rule fixing the measure of proof required to establish deceit is that a party is guilty where, with intent to induce another to enter into a contract, he makes a positive assertion which is material in a manner not warranted by his information, or where he is not shown to have had reasonable grounds for believing it to be true, where the assertion so made is not true, even though believed by the party making it. In such a case the definite assertion as a fact of that which is untrue concerning that of which the party has no knowledge is tantamount to the assertion of something which the party knows to be untrue. Our statute on this matter is clear and explicit."

Section 903, Rev. Laws 1910, reads:

"Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance with intent to deceive another party thereto, or to induce him to enter into the contract:

"First. The suggestion, as a fact of that which is not true, by one who does not believe it to be true.

"Second. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true.

Third. The suppression of that which is true, by one having knowledge or belief of the fact.

Fourth. A promise made without any intention of performing it; or

"Fifth. Any other act fitted to deceive."

Section 905 reads:

"Actual fraud is always a question of fact."

Section 993 reads:

"One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

Section 994 reads:

"A deceit, within the meaning of the last section, is either: First, the suggestion, as a fact, of that which is not true by one who does not believe it to be true; second, the assertion, as a fact of that which is not true, by one who has no reasonable ground for believing it to be true; third the suppres-

sion of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, fourth, a promise, made without any intention of performing."

The questions raised by the demurrers set out in the assignments under consideration are practically the same. By the demurrer to the petition the question was: Were facts sufficiently alleged to constitute a cause of action in favor of the plaintiff and against the defendant, and by the demurrer to the evidence did the testimony on behalf of the plaintiff, assuming that an actionable wrong was sufficiently pleaded, tend to support the allegations of the petition, If the allegations of the petition disclosed that in the exchange of the property the defendant made false representations as to the value and description of the property with the purpose and intent to deceive the plaintiff and to induce him to make the exchange, and that the plaintiff believed such false representations, and relying on their truthfulness was induced thereby to make the exchange and was injured thereby, then an actionable wrong was stated and the demurrer was properly overruled and likewise the demurrer to the evidence tending to support the allegations of the petition was properly overruled. Prescott v. Brown, 30 Okla. 428, 120 Pac. 991. It does not matter that Robertson acted unwisely or imprudently, or whether he was negligent in not making full investigation as to the size of the building and its construction, and in not seeking independent advice as to the value of the property. The real question remains: Was he deceived by the presentations of Mr. Kelly, and were these representations made falsely and with intent to deceive? The parts of the petition hereinbefore set out disclose that but one answer can be returned to this question. The petition clearly charged that false representations were made to Robertson by Kelly as to the dimensions of the house and the value of the property, and that he was deceived thereby, and that relying on such false representations he made the exchange and sustained damages in an amount equal to the difference in the value of the property he received and the value of such property if it had been of the value represented by Mr. Kelly. The evidence of the plaintiff tended to support the allegations of his petition. It was therefore not error in the court to overrule the demurrer thereto.

Since our statute declares that actual fraud is a question of fact, the issues in this case were questions for the determination of the jury. The testimony in behalf of the plaintiff tended to show that he was deceived and defrauded in this trade; that not only the value of the town property he received in exchange for his farm was much less than he was told and believed it to be at the time of the trade, but the dimensions of the house were different and smaller than he was told and believed them to be. It is true that the testimony on behalf of Mr. Kelly denied any misrepresentations as to the value of the description of the property, and tended to show that there was no purpose to deceive Mr. Robertson in the trade, and that as a matter of fact he was not deceived in it, but was dealt with fairly; that the trade was sought by Robertson; that he was in default in the payment of the interest due upon the mortgage on his land and the taxes were delinquent and the mortgagee threatening to foreclose, and he was in fear that he would lose his land, and that this exchange was greatly to his advantage; that his equity in the farm was of little, if any, value and by the exchange made he secured a little home in town, free of incumbrance; that Robertson was perfectly satisfied with his trade until some 6 or 8 months after it was made, when he learned that Kelly had disposed of the land and made a profit thereon of $1,800, then he became dissatisfied with his trade and was advised by a lawyer that he could get a lot of money by suing Kelly, and was thereby induced to commence this action. However, the jurors, under the established procedure, are the triers of the fact. This conflicting evidence was submitted to them under instructions as to the law that seem to be fair. The jury evidently believed the testimony offered in behalf of the plaintiff, and did not believe that offered in behalf of the defendant. The verdict, being supported by sufficient evidence, is conclusive on this appeal.

We have carefully examined the other assignments of error urged in the brief, but do not consider them of sufficient importance to justify special mention.

Some complaint is made of certain instructions the court gave to the jury. However, no proper exceptions were saved to the instructions in order to bring them here for review.

No prejudicial error appearing in the record, we conclude that the judgment appealed from should be affirmed.

By the Court: It is so ordered.