## HUMPHREY v. BAKER.

No. 8492—Opinion Filed March 19, 1918.

Rehearing Denied Dec. 31, 1918.

(176 Pac. 896.)

(Syllabus.)

### 1. Fraud — Fraudulent Representations — Material Fact.

False representations, made in an exchange of a pair of mules for a pair of mares, as to the age, condition, and ability of the mules to do certain railroad construction work, for which they were wanted, and that they were as goods as a certain other team with which both parties were familiar, were not mere expressions of opinion as to value, but amounted to representations of material extrinsic facts affecting value, and are sufficient on which to predicate action for fraud.

### 2. Replevin—Verdict—Judgment—Value of Property.

In an action for replevin of two mares, where the value of each mare was stated in the affidavit, and verdict was rendered for the plaintiff for the return of the mares and their offspring, the defendant having retained possession of same, the judgment will not be vacated for the reason that the verdict found the gross value and did not state the separate value of each animal.

Error from County Court, Beaver County; John A. Spohn, Judge.

Replevin by C. L. Baker against Charles Humphrey. Judgment for plaintiff, and defendant brings error. Affirmed.

Dickson & Dickson, for plaintiff in error.

J. W. Culwell, for defendant in error.

OWEN, J. This action was begun by C. L. Baker, in the county court of Beaver county, against Charles Humphrey, to recover possession of two mares. The case was tried to a jury, verdict returned, and judgment entered in favor of Baker for the return of the mares and their offspring. To reverse that judgment, this proceeding is prosecuted.

Baker, plaintiff below, alleged, in substance, that he traded the mares in question to Humphrey, defendant below, for a pair of mules; that Humphrey falsely represented the age of the mules and that they were as good and capable of doing as much work as a certain other team of mules with which both parties were familiar; that he relied upon these false representations in making the trade; and that the mules were practically worthless. He offered to return the mules to Humphrey, and, upon Humphrey's refusal to rescind the contract, the action was brought.

Counsel for plaintiff in error present many grounds for reversal based upon the refusal of the court to peremptorily instruct in favor of the defendant, the instructions given to the jury, weight of the evidence, and the form of the verdict.

The evidence is undisputed to the effect that Humphrey represented the mules to be a certain age, and that they were capable of doing as much railroad work, and were equally as good, as a certain other team of mules with which both Humphrey and Baker were familiar; and that the mules were not able to do this work, but were practically worthless. Counsel insist these representations were merely expressions of an opinion as to the value and were not such representations as constitute actionable fraud. The cases cited support the contention that mere expression of opinion as to value will not support an action for fraud. We recently held, in the case of Wyrick v. Campbell, 67 Okla. 240, 170 Pac. 267, that a purchaser of land cannot predicate fraud on statements made by the vendor which amount to an expression of opinion as to value, where the parties are on equal footing, have equal means of knowledge, and there is no relation of trust and confidence existing between them. The question presented here is whether these representations were mere expressions of opinion as to value, or representations of material extrinsic facts affecting the value. Both plaintiff and defendant were familiar with the team of mules with which this team was compared, and knew that team was capable of doing good work on the railroad. Baker, it appears, stated to Humphrey that he wanted the mules for the purpose of using them on railroad construction work, and Humphrey assured him that these mules were capable of doing that sort of work and would do as much work as the other team referred to. This was a representation as to the quality of the mules, and not merely an expression of opinion as to their market value. It was a false representation as to the character and fitness of the mules to perform the work for which Baker wanted them. There is no controversy that Baker relied upon these representations to his damage.

This case falls within the rule announced by this court in the case of Puls v. Hornbeck, 24 Okla. 288, 103 Pac. 665, 29 L. R.A. (N.S.) 202, 138 Am. St. Rep. 883, where it was held that the rule of caveat emptor does not apply where the vendor is guilty of the fraudulent concealment of a latent defect affecting the value of the property for the purpose for which it is bought. In the case of Wingate v. Render, 68 Okla. 656, 160 Pac.

614, it was held that representations constitute actionable fraud where it is made to appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, cr made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury. To the same effect are the cases of United Iron Works Co. v. Henryetta Coal & Mining Co., 62 Okla. 99, 162 Pac. 209; Kelly v. Robertson, 61 Okla. 85, 160 Pac. 46; Prescott v. Brown, 30 Okla. 428, 120 Pac. 991.

The assignments directed to the refusal of the court to give the instructions requested by the defendant below, and to the instructions given by the court, do not afford sufficient reasons for reversal of the judgment. It appears the jury was instructed that the burden was upon the plaintiff to establish by a preponderance of the evidence every material allegation contained in plaintiff's petition; that plaintiff would be entitled to a verdict if the jury found from such preponderance of the evidence that the trade was made as alleged in the petition, and that Humphrey misrepresented the mules as to their age, condition, and working ability; and within a reasonable time after Baker discovered such misrepresentations he tendered back to Humphrey the mules in the same condition as when he received them. Also, that when one person states to another his opinion as to the value of any property, the person to whom such opinion is stated has no right to rely on such opinion, but must exercise his own judgment. These instructions fairly submitted the issues and it was not error to refuse the instructions requested by the defendant.

It is urged that the judgment must be reversed for the reason that the verdict did not find the separate value of each of the mares. The verdict was:

"* * * The plaintiff is entitled to the recovery and possession of the property sued for, together with the increase therefrom, and we assess its value at $500 for the mares and increase, and that plaintiff return to the defendant the mules in question or their value in money, found to be $75 each." ·

Counsel cite a number of cases holding that a verdict is defective unless each animal is separately valued. In many of the states the party retaining possession of the property and against whom the judgment is rendered is given the option to either return the property or pay its value, and the jury in such states are required by statute to find the value of each separate article, so that upon the return of any part of the property the defendant may be discharged from payment of the value of that part. Our statute does not require a separate valuation, and under the rule in this state the property must be returned, if a return is possible. The defendant is not given the option to return the property or pay its value. Section 4807, Rev. Laws 1910, provides that judgment for plaintiff may be for recovery of possession, or the value thereof, in case delivery cannot be had. At common law an action in replevin tested only the right of possession of the replevined property at the time of the commencement of this action, and provided no method whereby the prevailing party might have judgment for value of his property in case the adjudged return thereof could not be had, but left him to another action in another form to procure such relief. Wilson v. Fuller, 9 Kan. 176. But under our statute, as is the case under most statutes of replevin, an additional or cumulative remedy to that found in the common law has been provided, and now the prevailing party, where the losing party has retained possession of the property, may have a judgment for the value of the property if he choose, as well as for the recovery of the possession, so that in the event the recovery of possession, for any reason, cannot be had, he can proceed to the enforcement of his money judgment. This is a new remedy given him, and it is well established that in such cases the one on whom such new remedy is conferred may elect which course he will pursue. 7 Ency. Pl. & Pr. 373. In the instant case the defendant retained possession, and so far as the record discloses was still in possession, of the mares and their offspring, at the time the case was tried. It appears the mares were each separately described and valued in the affidavit and the verdict referred to the "property sued for, together with the increase therefrom." This was sufficient on which to base a judgment for the return of the mares and their offspring, and the defendant cannot be heard to complain that the verdict did not separately value each animal. Johnson v. Roehme, 66 Kan. 73, 71 Pac. 243, 97 Am. St. Rep. 357. The defendant, under section 5013, R. L. 1910, might have had a special verdict describing and fixing the value of each of the animals in controversy.

It is also urged that the verdict is defective because it fails to describe and value the colts born to the mares since the trade. In the case of Henry v. Dillard, 68 Miss. 536, 9 South. 298, an action for replevin of a mare and colt, it was held to be not ground for

vacating a judgment that the value of each was not found separately; they being so intimately connected as to constitute one whole. Our statute on replevin was adopted from Kansas and was construed by the Supreme Court of that state in the case of Ward v. Masterson, 10 Kan. 77, in a replevin action for ten head of steers; the verdict assessing the gross value of six head. In an opinion by Justice Brewer, it was said:

"It is further objected that the verdict does not assess the value of each steer separately. * * * The assessment of the verdict is $300 for six steers. * * * Our statute nowhere requires either petition, answer, or verdict to state the value of the articles in controversy separately. It simply provides that the affidavit for an order of delivery shall state such values separately as nearly as practicable. * * * If a party desires a finding as to the value of any particular article, doubtless he could obtain it by applying under the provisions of section 286 of the Code (section 5013, supra). But, failing to apply under that section, he cannot complain if the jury return the valuation in gross."

In the case of Goldsmith v. Willson, 67 Iowa, 662, 25 N. W. 870, it was held, in an action for recovery of specific property, where the defendant retained the property, to be unnecessary, in order to recover a judgment for value of the property, that the plaintiff show the value of each article. It is enough for such purpose to show the total value of the property wrongfully detained.

From an examination of the entire record, we are of the opinion that substantial justice was done by the verdict in this case, and that the uncontroverted evidence supports the verdict.

Therefore the judgment of the lower court will be affirmed.

All the Justices concur, except TURNER and BRETT, JJ., not participating.