## HAYS et al. v. AZBILL.

No. 8106—Opinion Filed Oct. 28. 1919.

Rehearing Denied Nov. 25, 1919.

(Syllabus by the Court.)

**1. Sales—False Representations—Opinions.**

False representations, made in the sale of a jack, that such animal was all right and a good breeder, the only purpose for which he was of any value, were not mere expressions of opinion as to value, but amounted to representations of material extrinsic facts affecting value, and are sufficient on which to predicate action for rescission of the contract.

**2. Sales—Caveat Emptor—Fraud.**

The rule of caveat emptor does not apply where the seller is guilty of the fraudulent concealment of a latent defect affecting the value of the property for the purpose for which it is bought.

**3. Sales—Trial—Instructions.**

Instructions, considered as a whole, held to correctly state the law and fairly submit the issues to the jury arising upon the proof.

**4. Appeal and Error—Evidence—Sufficiency on Appeal.**

Where there is a conflict in the evidence as to material facts, and there is evidence reasonably tending to support the findings of the jury, the verdict and judgment based thereon will not be disturbed.

Error from District Court, Alfalfa County: James B. Cullison, Judge.

Action by G. D. Azbill against William Hays and Harry Richter. Judgment for plaintiff, and defendants bring error. Affirmed.

Owen & Hill, George W. Partridge, and W. E. Wiles for plaintiffs in error.

Titus & Talbot, for defendant in error.

OWEN, C. J. Azbill brought this action against Hays and Richter to rescind a contract under which he purchased a certain jack from the defendants at public auction. He alleged in substance that the defendants falsely represented that the jack was sound and a good breeder and purposely concealed a latent defect which rendered the jack useless and of no value for the only purpose for which he could be used, and for which he was purchased. Defendants answered by general denial, and the case was tried to a jury. There was a sharp conflict as to what representations were made and as to whether the alleged latent defect rendered the jack valueless, and the jury found for the plaintiff on that issue. The representations which plaintiff alleges were made were of extrinsic facts affecting the value of the jack, and were sufficient on which to predicate an action to rescind the contract. They were not mere expressions of opinion as to value, and fall within the rule announced in the case of Humphrey v. Baker, 71 Oklahoma, 176 Pac. 896, where representations as to material extrinsic facts affecting value were held sufficient on which to predicate an action of fraud.

Plaintiffs in error contend there was no warranty, and that the rule of caveat emptor applies. The jury evidently found from the evidence there was a fraudulent concealment of a latent defect, and it was held in Humphrey v. Baker, supra, the rule of caveat emptor does not apply where the seller is guilty of the fraudulent concealment of a latent defect affecting the value of the property for the purpose for which it is bought.

Counsel urge there was error in the instructions of the court. We deem it unnecessary to set out the instructions, since no novel or unusual question of law is presented, but it is sufficient to say, from an examination of the instructions taken as a whole, they amount to a correct statement of the law and fairly presented to the jury the issues under the testimony.

It is also urged the evidence is not sufficient to sustain the verdict. The credibility of the witnesses and the weight to be given their testimony was a matter properly submitted to the jury, and there being evidence reasonably tending to support the verdict, it will not be set aside. Bass v. City of Atoka, 76 Oklahoma; Muskogee Electric Traction Co. v. Rye, 38 Okla. 93, 122 Pac. 339.

Finding no error in the record, the judgment of the trial court is affirmed.

KANE, RAINEY, JOHNSON, and McNEILL, JJ., concur.