## FITZGERALD v. ILLINOIS LIFE INS. CO. et al.

No. 22976.   Nov. 27, 1934.

R. W. Stoutz, for plaintiff in error.

Randolph, Haver, Shirk & Bridges, for defendant in error.

PER CURIAM. This is an action brought by Lena Fitzgerald, plaintiff in error, hereinafter referred to as the plaintiff, against the Illinois Life Insurance Company, a corporation, and the Exchange Trust Company, as executor of the estate of Alvin C. Johnson, defendants in error, hereinafter referred to as the defendants, to recover the sum of $6,400, with interest and attorneys' fees.

Plaintiff alleges that she applied to the defendant insurance company for certain life insurance, such negotiations being handled on the part of the company by its agents, Sam A. Scott, M. L. Opperud, and Alvin C. Johnson, state manager of such insurance company, and the executor of whose estate is now one of the defendants herein, it being also admitted that the said M. L. Opperud was plaintiff's attorney and adviser in other matters.

Plaintiff further alleged that the defendants obtained two notes from her toward the payment of the premiums on such insurance in the principal sum of $3,200 each, and that said Alvin C. Johnson transferred and sold said notes before maturity to a bona fide purchaser, who compelled her to make payment thereof; that such notes were obtained from her through fraud, and that the policies delivered to her were not the kind applied for, and that she did not receive any consideration from the defendants for said notes.

A demurrer on the part of the defendant executor of the estate of the said Alvin C. Johnson was sustained before trial, and the defendant insurance company filed a general denial, and further alleged that the plaintiff accepted two policies of insurance in the amount of $20,000 and $60,000, respectively, which she received and retained; did not make any effort to return the same, but received the benefits of the insurance thereunder, and further prayed that if any fraud was committed, it was discovered more than two years before the commencement of this action, and was barred by the statute of limitations; to which answer the plaintiff filed a general denial.

The case was heard before the court without the intervention of a jury, and resulted in judgment for the defendant.

From this judgment the plaintiff ap-

pealed, urging the same to be erroneous; that the trial court erred in sustaining the demurrer to plaintiff's petition filed by the defendant the Exchange Trust Company, as executor of the estate of Alvin C. Johnson, deceased, and that such court also erred in sustaining defendant's objection to the conversation between the witness M. L. Opperud and Alvin C. Johnson, then deceased.

The plaintiff's theory is that this action is purely for "money had and received," although a fraud may have been worked upon the plaintiff, and that therefore the two-year statute of limitations is inapplicable.

While there is nothing in the judgment of the trial court to indicate on just what particular ground judgment was rendered for the defendants, plaintiff stated in her brief that it was evidently the theory of the trial judge that either this was an action for fraud and barred by the statute of limitations because the action was not commenced until two years after the discovery thereof, or that the plaintiff was estopped to sue the defendant after having received, accepted, and retained the life insurance policies in question.

We are of the opinion that the judgment of the trial court should be sustained in either event, for the petition and evidence of the plaintiff amply sustain the finding of the trial court that this action sounds in tort and was based on fraud, and such fraud having been discovered more than two years prior to the commencement of such action, same would be barred by the two-year statute of limitations. Section 101, par. 3, Okla. Stats. 1931.

Or, on the other hand, if the judgment of the trial court was on the ground that the plaintiff had failed to prove fraud, or was estopped to maintain the action after having received the policies and enjoyed the benefits thereof for the full time for which she paid the premiums, there is competent evidence in the record reasonably tending to support such judgment.

And where, in a law case, a jury is waived, the judgment of the court will not be disturbed where there is any competent evidence reasonable supporting the same. Southland Refining Co. v. Jackson, 149 Okla. 286, 1 P. (2d) 410.

Under our conclusion herein, the question of whether or not the sustaining of the demurrer of the defendant Exchange Trust Company, or the action of the trial court in sustaining objection to the conversation between the witness M. L. Opperud and Al-

vin C. Johnson, then deceased, was error or not, is immaterial.

And for the reasons hereinbefore set forth, the judgment of the trial court should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys Finley McLaury, George L. Zink, and Clayton Carder in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Finley McLaury, and approved by Mr. Zink and Mr. Carder, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.