## STEPHENS v. MORTGAGE BOND CO. et al.

### No. 22962.   Dec. 18, 1934.

Fred L. Hoyt and J. H. Denny, for plaintiff in error.

Carter Smith, for defendants in error.

PER CURIAM. The plaintiff in error, Roger L. Stephens, as trustee, on August 6, 1931, commenced his action in the district court of Tulsa county, Okla., against

the defendant Mortgage Bond Company, a corporation, et al., praying for a judgment against the defendants on a certain note for the sum of $81,900, with interest thereon at the rate of 6 per cent. per annum, from April 1, 1931; $8.75 abstracting expenses, $1,000 attorneys' fee, and $250 trustee fee, and for further judgment and decree of the court foreclosing a real estate mortgage given to secure said indebtedness, covering certain real estate in the city of Tulsa, Okla., upon which property was located a building used as office property and an apartment house. In said petition plaintiff asked for the appointment of a receiver to take immediate possession of the mortgaged premises, maintain and lease the same, and to collect the rents and profits arising therefrom during the pendency of such foreclosure action. The defendants in the action filed their answer wherein they set up various defenses, and filed in said action an affidavit in opposition to appointment of receiver. On the 18th day of September, 1931, on hearing upon the application of plaintiff for the appointment of receiver, the district court heard evidence on behalf of the plaintiff and the defendants, and upon consideration thereof denied the plaintiff's application for the appointment of a receiver in said cause, from which order of the court the plaintiff appealed to the Supreme Court of Oklahoma. The parties will be referred to as they appeared in the lower court.

Plaintiff contends the lower court erred in refusing to appoint a receiver, and his several assignments of error are confined to that one proposition. The sole question to be decided by this court is whether or not the trial court committed error in refusing to appoint a receiver. The plaintiff relied upon section 518, C. O. S. 1921 (O. S. 1931, section 773), for appointment of receiver, which section reads in part as follows:

"A receiver may be appointed. * * * Second. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

In its order denying the appointment of a receiver the court found that the mortgaged property would, in all probability, sell for a sum sufficient to satisfy any judgment which may be rendered in favor of the plaintiff, and for that reason denied the application for the receiver.

The plaintiff contends that the court based its finding and decision upon incompetent, irrelevant and immaterial evidence on the part of said defendants in arriving at the proper valuation to be placed upon said property, and that a wrong basis of valuation was offered and relied upon by the court; that evidence on part of the plaintiff conclusively and positively shows that the mortgaged property was insufficient in value, at that time, to discharge the indebtedness secured by said mortgage.

The determination of these questions will require an examination of the evidence. Three witnesses were introduced by the plaintiff and two by the defendants. All five of these witnesses were of long residence in the city of Tulsa and were all real estate and loan men. Mr. Cox, the first witness for the plaintiff, testified that a fair and reasonable market or sales value of the property is $65,000 to $70,000, figured on the best possible income, but that he did not know whether it would bring at a forced sale $65,000 or $70,000. The other two witnesses for the plaintiff testified as to the same value, one, Mr. E. E. Barrett, saying, "This is no time to appraise real estate; this is no time to sell real estate; to some extent I have based the value on income." Witnesses for the plaintiff contended that the location was bad for an apartment house. C. A. King, defendants' witness, said that the property had a value of $100,000, that being a reasonable, fair cash market value if put on the open market today and offered for sale. Charles P. Yadon, defendants' witness, testified that the lot upon which the building is located is worth $15,000, and that the building is worth $88,000, and using $3,000 to redecorate the property and put it in first class shape, would leave a reasonable valuation of $100,000 in its present condition. Witnesses for the defendants contend that the apartment building is well located. The two witnesses testifying for the defendants were the appraisers when the loan was secured, April 1, 1928, and at that time appraised it at $150,000.

The total amount of indebtedness claimed by the plaintiff is approximately $83,000.

In his brief plaintiff contends that the witnesses for the defendants fixed valuation of the property upon the wrong basis in that they fixed it upon a revenue and income basis, and not upon what it would sell for at a forced sale as contemplated by section 518, C. O. S. 1921 (sec. 773, O. S. 1931) but from examination of the record we find that the witnesses for the plaintiff and for the defendants took into consideration

in fixing their valuation various and sundry reasons and contingencies, and that there was merely a difference in opinion of the several witnesses as to the valuation of the property. The plaintiff contends that the court committed error in refusing to permit him to introduce testimony relative to the cost of the operation of the apartment house, at which time the court made the statement, "Well, gentlemen, I will not go into this other phase of the matter; I am not going to appoint a receiver in this matter under the testimony. I will not do it because I am just opposed to making an appointment of a receiver when there is any respectable testimony sustaining the side contesting the appointment." The remark being made by the court after he had stated, "I know the men who have testified; I know the men who have testified before and on the appointment of receivers, if you have any testimony of any respectable witnesses, I am greatly inclined to not appoint a receiver; both witnesses for the defendant testified what they thought the property would bring on the open market; they might be a little high, still they are $17,000 higher than the indebtedness against the property."

It is clear from these statements of the court that the court took into consideration the testimony of all the witnesses and upon consideration thereof based his finding and order denying the appointment of a receiver. The rule is well established that where a case is tried to the court, and there is a conflict in the evidence on the issues joined, determination of the questions therein is for the trial court, and the Supreme Court, on appeal, will not weigh the evidence or determine as to the credibility of the witness, that question being one for the trial court. Adams v. Hansford, 130 Okla. 155, 265 P. 762, and a long list of other decisions which it is unnecessary to cite here.

Likewise, the appointment of a receiver under section 518, C. O. S. 1921 (O. S. 1931, section 773), is a matter within the sound discretion of the trial judge and an order appointing or refusing to appoint such receiver will not be disturbed unless an abuse of discretion is shown. McDonald v. Dohling, 102 Okla. 243, 228 P. 783; Willard Oil Co. v. Riley et al., 29 Okla. 19, 115 P. 1103. In the last case the court says, quoting from Moore on Facts, section 1276:

"The trial judge commonly knows more or less the general character and standing of the witnesses, and may have a general local knowledge as to matters referred to in evidence and surrounding circumstances, which enables him to weigh conflicting evidence with much greater assurance of reaching a correct solution than is possible in the reviewing court.

"Moreover, considering the functions of the trial and appellate courts upon the specific question here presented, the rule adhered to by all the courts, enunciated by Mr. High in his recent work on Receivers (4th Ed. 1910) in sec. 7, is as follows:

"'The appointment of a receiver pendente lite, like the granting of an interlocutory injunction, is to a considerable extent a matter resting in the discretion of the court to which the application is made, to be governed by a consideration of the entire circumstances of the case. And, since the appointment of a receiver is thus a discretionary measure, the action of the lower court in appointing or denying a receiver pendente lite will not be disturbed upon appeal unless there has been a clear abuse.'"

The rule as written in the case of Willard Oil Co. v. Riley et al., supra, is followed and cited in the case of Western and Southern Life Insurance Co. v. Crook et al., 144 Okla. 105, 289 P. 728, which case is directly in point with the one at bar. Also the case of Tolbert v. Chisholm, 163 Okla. 92, 21 P. (2d) 16.

We cannot say, under the evidence, the trial court abused its discretion in denying the appointment of receiver, and the case is therefore affirmed.

The Supreme Court asknowledges the aid of Attorneys Bascom L. Coker, E. A. Burke, and L. C. Gossett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Coker and approved by Mr. Burke and Mr. Gossett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.