## SABIN et al. v. MIDLAND SAVINGS & LOAN CO.

No. 26742.   Oct. 20, 1936.

F. E. Riddle, for plaintiffs in error.

Jno. D. Rogers and Hunt & Eagleton, for defendant in error.

PER CURIAM. The parties herein will be referred to as they appeared in the lower court.

The plaintiff, on August 18, 1933, filed its petition against the defendants, wherein it asked for judgment against the defendants Milton Roe Sabin and Bertha Florence Sabin, his wife, for the sum of $13,366.12, with interest at 10 per cent. from August 1, 1933, for $500 as attorney fees, for costs, and for the cancellation of 130 shares as the capital stock of said plaintiff company, and against all defendants for a decree of foreclosure of a certain mortgage given by the Sabins to the plaintiff on lot (11), block (7) in Sunset Terrace, an addition to the city of Tulsa, Okla., for the purpose of securing a loan of $13,000, payable in monthly installments, which loan was made July 28, 1928.

The plaintiff in its petition set forth the following facts:

That the terms of said mortgage had been broken in that the defendants Sabin had failed to pay the plaintiff the interest on said loan for the months of February, 1932, up to and including the month of July, 1933, both months inclusive. The Sabins had failed to repay plaintiff the money advanced by it for taxes for the years 1930, 1931, and paving taxes for 1933; that the withdrawal value of the 130 shares of capital stock in said plaintiff company was of the value of $2,135.95, for which amount the Sabins had been given credit on said loan. The plaintiff asked for the appointment of a receiver for the property, which appointment was denied.

That the defendant Fred P. Parker was claiming some interest or lien in said property by reason of an abstract of judgment from the justice of the peace court filed with the court clerk October 28, 1932, which claim was inferior and subsequent to the mortgage of the plaintiff. This defendant was regularly served with summons, but filed no answer or other pleading and made default in the trial of said case.

The defendants Sabin filed their amended answer and counterclaim ond cross-petition on December 1, 1934. The answer consisted of a general denial and a denial of the grounds for the appointment of a receiver. The Sabins in their counterclaim admitted the agreement of July 26, 1928, and the execution of the mortgage upon said real estate to secure the loan sued upon. The loan was for $13,000 to be paid at the rate of $143 per month until 144 payments had been made; $80.60 was to apply on interest and $62.40 as dues on the 130 shares of stock in the plaintiff company; that the defendants had paid to the plaintiff approximately $2,500 instead of $2,135.95; that at least $100 more had been paid, but not accounted

for by plaintiff; that there was due defendants $200 as interest on said stock, together with $17, as refund due on abstract.

The defendants Sabin, in their cross-petition, asked judgment against plaintiff for $365 paid on their stock and interest on $1,000 on the loan, which amount had been withheld by plaintiff for some six months, together with $17 refund paid for abstract, and the sum of $200 due from plaintiff for interest defendants had paid on stock purchased by them in plaintiff's company, together with $2,500 paid for said stock; making a total of $3,082, plus interest paid to plaintiff on the $1,000 withheld from defendants, which amount was unknown to defendants, and for an accounting; that no receiver should be appointed.

The plaintiff filed its answer to defendant's counterclaim and cross-petition, consisting of a general denial, alleging the payment of interest on the $1,000 withheld, including a copy of the receipt for the $13,000 paid by plaintiff to defendants and a statement as to the items paid by the defendants in the amount of $5,323; alleging that $500 had been paid by the defendants since the filing of said suit and the same was held awaiting action of the court as to where the same should be applied. The plaintiff admitted having received $100 since September 25, 1934, and that the defendants should be credited with the same less $50.05 paid by plaintiff on December 6, 1934, for the 1934 installment on paving taxes.

The pleadings were sworn to by the respective parties. The defendants Sabin filed their reply in the nature of a general denial, which was not verified.

This case was tried to the court, a jury having been waived by both parties. The court, on May 8, 1935, found in favor of the plaintiff and against the defendants Sabin, and entered a judgment for $13,366.12. with interest at 10 per cent. per annum from August 1, 1933, until paid, and the further sum of $500 as attorney fees and costs of suit, and declared the judgment to be a first lien on the real estate described in the petition; said real estate to be sold upon general execution with appraisement.

The defendants Sabin filed their motion for a new trial, setting forth the following reasons:

(1) That the verdict and decision of the court is not sustained by sufficient evidence and is contrary to law.

(2) Error of the court in overruling the demurrer to the evidence of the plaintiff.

(3) Error in the assessment of the amount of recovery.

This motion for a new trial was overruled, exceptions taken, and notice of appeal given to this court.

There are some ten assignments of error alleged in the petition in error, but it is not necessary to notice any of them except the seventh, which is the only one argued in the brief of the defendants Sabin. This assignment reads as follows:

"(7) The court erred in failing to give the defendants credit for $800 paid subsequently to the filing of said suit."

The attorney for the defendants, plaintiffs in error, has the following to say in his brief:

"There is only one proposition in our opinion which merits the consideration of this court upon this appeal. This proposition involves the application of the payment of $800. This $800 was paid by the plaintiffs in error long after the filing of the suit under special agreement that it should be paid on taxes. The plaintiff in error claims that under this agreement the $800 was paid to be applied to reimburse the plaintiff, defendant in error, for taxes paid by it, prior to the filing of the suit. She claims the receipts she holds issued for this amount of money paid in various amounts show this fact. However, the receipts are not introduced in evidence. This evidence on this point is very meager. It is our contention, however, that the court will be justified in drawing the inference that upon this special agreement under which this money was paid that it was to be applied upon the discharge of taxes paid prior to the filing of the suit. The defendant Mrs. Bertha Florence Sabin (C.-M. 53) testified: 'I have paid $50 a month, every month, including October 10th, a year ago, and excepting this month and one month when I had to miss.'

"Mr. Hunt testified upon this point (C.-M. 113): 'That since the institution of this suit defendants have paid to plaintiff the sum of $800, which was paid in by the defendants upon a special stipulation that the same should apply on taxes, and that since this suit was filed the plaintiff has paid the 1932, 1933, 1934 general taxes, amounting to $1,114.15; * * * the plaintiff has expended therefore sums far in excess of the $800 upon the payment of taxes, the amount that was paid in during the process of this lawsuit for payment of taxes.'"

The judge of the lower court had the witnesses before him and heard all of the testi-

mony and màde the following finding of facts in reference thereto:

"The court further finds that since the institution of this suit, defendants have paid to the plaintiff the sum of $800 which was paid in by the defendants upon the special stipulation that the same should apply on taxes, and the court further finds that since suit was filed, the plaintiff has paid the 1932, 1933, and 1934 general taxes, amounting to the sum of $1,114.15, and that the plaintiff holds tax receipts dated May 3, 1935, therefor, and that the company has further paid the 1934 paving installments in paving district No. 780 in the sum of $50.05, and has paid out the additional sum of $105.72 for insurance, and that the court, therefore, finds that the plaintiff has expended a sum, far in excess of the $800 paid in upon the payment of taxes, but that since no amendment to the petition asking for the additional sums as further judgment has been made, the court does not add the same to the amount due."

We have read carefully all of the pleadings and the testimony in this case, and find that there is competent evidence which reasonably supports the judgment and findings of the lower court in this case.

"Where a jury trial in a law case is waived and the same tried by the court, the judgment thereof will not be disturbed if there is any evidence reasonably supporting it." Gordon v. State, 169 Okla. 399, 37 P. (2d) 270; Fitzgerald v. Illinois Life Ins. Co., 169 Okla. 583, 37 P. (2d) 952; Johnson v. McDonald, 170 Okla. 117, 39 P. (2d) 150; Hoodenpyl v. Guinn, 170 Okla. 78, 38 P. (2d) 510.

"Where a case is tried by the court and there is a conflict in the evidence on the issues joined, determination of the questions of fact therein is for the trial court, and the Supreme Court, on appeal, will not weigh the evidence or determine as to the credibility of the witnesses, that question being for the trial court." Stephens v. Mortgage Bond Co., 170 Okla. 111, 38 P. (2d) 930; Yellow Taxicab & Baggage Co. v. New, 170 Okla. 334, 40 P. (2d) 651.

We are of the opinion, after a careful review of the entire record, that the trial court reached a proper conclusion in the case, and the judgment of the lower court is in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys L. L. Cowley, Kenneth H. Lott, and A. D. Cochran in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cowley and approved by Mr. Lott and Mr. Cochran, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.