ACRE v. HART, Sheriff (CHAPPELL OIL CO. substituted).

No. 30062.   Sept. 23, 1941.

*117 P. 2d 116.*

Harry C. Kirkendall, of Enid, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

BAYLESS, J.   Fred E. Acre appeals from a judgment of the district court of Garfield county, based on the verdict of a jury, in favor of Chappell Oil Company, substituted as defendant in the trial court.

Chappell Oil Company obtained a judgment against H. M. Acre in the district court of Garfield county and caused an execution to issue to the sheriff of the county to be levied upon the property of H. M. Acre. The property seized and involved in this action is an automobile. Fred E. Acre instituted an action in replevin against the sheriff claiming to own the automobile, and obtained possession thereof from the sheriff by virtue of his replevin bond. The judgment creditor was thereupon substituted as party defendant by authority of. our statute, Section 161, O. S. 1931, 12 O.S.A. § 240. Issue was joined, Fred E. Acre claiming to be the owner and defendant claiming that the title was carried in Fred's name as a protection to H. M. The jury's verdict was for possession by defendant, thereby deciding the issue of fact for defendant.

Plaintiff's first assignment of error, that "the evidence is not sufficient to warrant the jury in returning a verdict in favor of defendant," is without merit. Plaintiff makes very little argument on this point, and it is sufficient to say that our reading of the evidence convinces us there is evidence to support a verdict of the jury in favor of either party.

The second assignment of error relates to the admission in evidence of alleged hearsay or incompetent statements of H. M. Acre and others concerning the title to the automobile. Plaintiff makes very little argument on this point, cites but two instances of such evidence, and cites no authorities. Upon considering the entire record, we are of the opinion that the circumstances under which H. M. made the statements rendered them admissible against Fred. He admittedly was Fred's agent or negotiator in the purchase of the car, and his statements at the time as to who was actually the buyer and why it was purchased in Fred's name rather than his were admissible and significant. The verdict does not depend upon these statements alone. We are unwilling to reverse for this alone, even if we thought the statements technically inadmissible.

The third assignment of error relates to the imperfect form of the verdict and its asserted fatally defective form. The verdict simply ordered the defendant have possession of the automobile, and contains no finding of value or alternative provision. Section 791, O. S. 1931, 12 O.S.A. § 1580.

We think this is not a thing of which plaintiff can complain. This was discussed in Ward v. Richards, 28 Okla. 629, 115 P. 791, where it is said:

"The burden is on the plaintiff in error to show error, not probable or possible error. The defendant has presented no cross-petition in error. No judgment is entered for the value of said property in favor of said defendant. The judgment entered is predicated upon the verdict. Had a judgment been rendered against the plaintiff on this verdict in the alternate for the value of the property that would have been a reversible error. Young v. Parsons, 2 Metc. (Ky.) 499; Lucas v. Daniels, 34 Ala. 188; Baldwin et al. v. Burrows, 95 Ind. 81. But no finding has been made by the jury as to the value either in gross or specifically. If error was committed in not finding the value of the property in gross or separate articles, that was against the defendant, and he is not complaining here. As to the instruction complained of in the fifth assignment, under the record, if the jury should find that the defendant was the owner of the cattle, he was entitled to the immediate possession thereof. If error was committed, therefore, it was without prejudice."

Again, in Humphrey v. Baker, 71 Okla. 272, 176 P. 896, the losing party complained of the failure of the jury to find value. It is said:

"This was sufficient on which to base a judgment for the return of the mares and their offspring, and the defendant cannot be heard to complain that the verdict did not separately value each animal."

In this case defendant, if it won, was entitled to a judgment (1) for the return to it of the automobile, if possible, and (2) to a determination of the value of the automobile in order that defendant might proceed against plaintiff and his bondsmen in the event it was not possible for plaintiff to return the automobile to defendant. It did not get a determination of value and is without a judgment to that effect if the automobile is not returned. It has not complained of the judgment, and the form of it is not prejudicial to plaintiff.

Defendant does ask this court to amend the judgment by regarding the face of its judgment as the value of the automobile and inserting it as the alternative judgment. We cannot do that here. One reason is, we do not know whether the value of the automobile is less or more than the face of the judgment. If it is less, we would arbitrarily bind plaintiff and his bond to pay more than they bound themselves and thereby prejudice them. There would be no prejudice if the value exceeded the judgment, but, and this applies to both aspects, this overlooks the absence of any evidence of value. We have many times held a trial court is without authority to fix an alternative value where the jury has not done so and there is no evidence of value in the record.

Complaint is made of the terms of the journal entry of judgment because it contains directions for the delivery of the automobile, things that do not appear in the verdict. We think this immaterial in this case. The automobile was taken from an officer of the law, who had levied on it by authority of law, and, while the judgment creditor prosecuted the defense in its own name as authorized by statute, it is only reasonable to direct the return of the automobile to the officer of the law that they may proceed.

Judgment affirmed.

CORN, V. C. J., and RILEY, HURST, and ARNOLD, JJ., concur.