1998 OK 94

Charles W. ("Butch") McCAIN and Ben L. McCain, Appellants,

v.

COMBINED COMMUNICATIONS CORPORATION OF OKLAHOMA, INC., Appellee.

No. 89,515.

Supreme Court of Oklahoma.

Oct. 6, 1998.

Rehearing Denied Feb. 18, 1999.

Mark Hammons, Hammons & Associates, Oklahoma City, Oklahoma, for Appellants.

Michael Minnis, David McCullough, Michael McMahan, Michael Minnis & Associates, P.C., Oklahoma City, Oklahoma, for Appellee.

SIMMS, J.

¶ 1 This appeal arises from the trial court's grant of summary judgment in favor of Defendant, Combined Communications Corporation. The trial court determined Plaintiffs, Charles W. and Ben L. McCain, were barred from pursuing their claim for fraud in the inducement of an employment contract by virtue of the two year statute of limitations. The Court of Civil Appeals reversed the summary judgment and remanded the cause for further proceedings, which would allow Plaintiffs to pursue their case.

¶ 2 We Grant Certiorari in this case; vacate the opinion of the Court of Civil Appeals and affirm the trial court.

¶ 3 The focus of Plaintiffs' argument is that their cause of action did not accrue until they stopped receiving compensation for their employment in September, 1994, even though the date of their termination was May 6, 1994.

¶ 4 We find the statute of limitations began to run prior to September, 1994, and thus the trial court correctly granted summary judgment.

¶ 5 Ben and Butch McCain were employed by Defendant to do a local television news program. According to a 1992 letter of agreement, Plaintiffs' services were retained for three one year periods, beginning August 2, 1992. On May 6, 1994, during the pendency of the second period of the contract, the television station notified the brothers it was exercising the termination provision of the employment contract. That day the broadcasts ceased, Plaintiffs no longer had offices at the station and all benefits associated with being on the air effectively ended. However, Plaintiffs did continue to receive pay through September 1994.

¶ 6 On July 3, 1996, within two years of receiving their last paycheck from Defendant, but more than two years after their termination, Plaintiffs brought this cause of action alleging fraud in the inducement of their employment contract. Plaintiffs alleged Defendant failed to disclose to them the termination provisions of the 1992 contract and that the oral representations regarding termination were allegedly different from those contained in the contract.[1]

¶ 7 The statute of limitations period for the fraud claim asserted by Plaintiffs is two years. 12 O.S.1991 § 95 [2] provides::

Within two (2) years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; and action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; *an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.* (Emphasis added).

---

1. The written portion of the printed contract provides:

"3. *Termination*

(F) This Agreement is terminable by Station, at its sole option and without cause at the end of any Agreement Year upon written notice to Employee not less than sixty (60) days before the end of the then-current Agreement Year. Except as provided herein, Station's obligation to make any payments hereunder shall cease upon such termination. It is agreed, however, that Employee has no option to terminate this Agreement prior to the expiration of the Term of this Agreement and is obligated to provide services for the full Term of the Agreement (i.e., for total number of Agreement Years described in the attached Letter Agreement) unless this Agreement is earlier terminated by Station."

2. 12 O.S.1991 § 95 was amended in 1992, 1994 and 1996, however, there were no substantive changes to the quoted section.

¶ 8 A statute of limitations begins to run from the time the cause of action accrues. *Matter of Estate of Crowl*, 1987 OK 13, 737 P.2d 911, 915 n. 7 (action to enforce option to buy upon death of grantor); *Sherwood Forest No. 2 v. City of Norman*, 1980 OK 191, 632 P.2d 368, 370 (regarding five year limitation on written contract action); *Oklahoma Brick Corp. v. McCall*, 1972 OK 70, 497 P.2d 215, 217 (action to recover on a note). A cause of action accrues when the litigant could have first maintained the cause of action to conclusion. *Sherwood Forest No. 2 Corp.*, 632 P.2d at 370; *Hammons v. Muskogee Medical Ctr. Auth.*, 1985 OK 22, 697 P.2d 539, 542; *Matter of Estate of Crowl*, 737 P.2d at 915 n. 7; *MBA Commercial Constr., Inc. v. Roy J. Hannaford Co., Inc.*, 1991 OK 87, 818 P.2d 469, 471–73. Fraud is deemed to have been discovered when, in the exercise of reasonable diligence, it could have or should have been discovered. *Matter of Woodward*, 1976 OK 55, 549 P.2d 1207, 1209. Inasmuch as the employees had in their possession—both at the time they signed the contracts and afterwards—copies of all the relevant documents, they clearly had the means and perhaps should have discovered the difference between the terms of negotiations and those of the printed form (or contract).

¶ 9 Plaintiffs' argument attempts to shift the focus for this accrual from the termination itself to the loss of wages which occurred several months later. Plaintiffs' Petition is clearly a complaint directed at their firing and Defendant's implementation of the offending termination clause, which Plaintiffs assert was contra to the alleged oral representations that Defendant made when the contract was negotiated. In fact, throughout Plaintiffs paperwork, it is the "unilateral right of termination" which Defendant exercised that is the basis of the entire fraud claim. The eventual loss of wages is only an incident of Plaintiffs' firing and not the source of their claim.

¶ 10 In an effort to avoid a May 1996 running of the statute of limitations, Plaintiffs argue that the element of damage or injury was lacking from their claim until they stopped getting paid in September 1994.

This argument ignores the fact being on the air itself was one of the benefits of Plaintiffs' job. This is apparent in a memorandum and letter, each exhibits to the Petition, which address Plaintiffs' extra-employment activities and ratings bonuses. The memorandum references potential commercials outside the metro area market, local radio station proposals, song writing, song publishing and comedy rights, all of which were likely to be enhanced by Plaintiffs' on air recognition and appearances. In addition, ratings bonuses, which provided as much as six-thousand dollars in additional annual income, ceased to become a factor when Plaintiffs' show was canceled.

¶ 11 To pursue their claim for fraud, Plaintiffs must prove **a)** Defendant made a material representation; **b)** that the representation was false; **c)** Defendant knew it was false or made it recklessly, without regard for its truth; **d)** Defendant made it with the intention that Plaintiff act upon it; and **e)** injury was suffered by Plaintiff as a result. 76 O.S.1991 § 3; *See D & H Co., Inc. v. Shultz*, 1978 OK 71, 579 P.2d 821, 824; *Steiger v. Commerce Acceptance of Oklahoma City, Inc.*, 1969 OK 78, 455 P.2d 81, 86 (all elements of fraud must be present, absence of any one is fatal to claim); *Ramsey v. Fowler*, 1957 OK 61, 308 P.2d 654, 656; *Kelly v. Robertson*, 61 Okla. 85, 160 P. 46 (1916). Plaintiffs could have pursued such a claim to its conclusion from the date of termination in May 1994.

¶ 12 As a result, it is the termination itself and not simply the realization of all the by-products of termination which form the basis of Plaintiffs' claim and at the latest, the statute of limitations must run from the date of termination.

¶ 13 When Defendant exercised the termination provision of the contract in May 1994, Plaintiffs had notice of any alleged fraud on the part of Defendant. *Fitzgerald v. Illinois Life Ins. Co.*, 169 Okla. 583, 37 P.2d 952, 953 (Okla.1934) (an action based essentially upon fraud must be brought within two years from the date the fraud is discovered). Arguably the discrepancy between oral representations and Plaintiffs' written contract was discoverable for almost

two years prior to the termination, as Plaintiffs had signed and had access to the offending contract since September 17, 1992. In either event, this Court cannot extend the statute of limitations to the lengths Plaintiffs request in this case.

¶ 14 CERTIORARI PREVIOUSLY GRANTED. COURT OF CIVIL APPEALS OPINION VACATED. JUDGMENT OF THE TRIAL COURT AFFIRMED.

KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, HARGRAVE and ALMA WILSON, JJ., concur.

OPALA, J., concurs in Judgment.

WATT, J., dissents.

